(79 South. 156)

HOOPER v. TOWN OF ALBERTVILLE et al.

(8 Div. 608.)

(Court of Appeals of Alabama.   June 29, 1918.)

CERTIORARI ☞70(4)—APPEAL—RECORD.

On appeal from proceeding in certiorari, it is essential to jurisdiction of appellate court that record show that writ was issued and return made.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Certiorari by J. F. Hooper against the Town of Albertville and others. Judgment for defendants, and plaintiff appeals. Appeal dismissed.

Street & Bradford, of Guntersville, for appellant. Thomas E. Orr, of Albertville, for appellees.

BROWN, P. J.   The record in this case seems to be made up of the petition for the writ of certiorari, the exhibits thereto consisting of a copy of the alleged assessment of taxes by the town council, the objections filed by the appellant protesting against the assessment, and a copy of the proceedings of the town council representing the levy and such objections, and designated in the petition respectively as Exhibits A, B, and C, the fiat of the circuit judge directing the issuance of the writ, and the judgment of the court "that the petition for certiorari in this case be and the same is hereby quashed, denied, and annulled, and the petitioner taxed with the costs of the proceeding."

So far as this record shows, no writ of certiorari was ever issued, and if such writ was issued, and return thereto made, the return is not transcribed in the record, or is so transcribed that it is impossible to distinguish the return from the exhibits to the petition—tell where one ends and the other begins. The issuance of the writ of certiorari and the return thereto is essential to the jurisdiction of the court to review the proceedings assailed in the petition. The practice in such cases is clearly stated in St. John v. Richter, 167 Ala. 656, 52 South. 465, and Independent Pub. Co. v. Amer. Press Ass'n, 102 Ala. 475, 15 South. 947. With the record in the condition above indicated, the case is not so presented as that the judgment and proceedings of the trial court can be reviewed, and a judgment will be entered here dismissing the appeal.

Appeal dismissed.