185 So. 171

### THEATER CO. v. MANNING et al.

4 Div. 4.

Supreme Court of Alabama.
Dec. 1, 1938.

George A. Sossaman, of Mobile, for appellant.

Ball & Ball, of Montgomery, for appellees.

ANDERSON, Chief Justice.

This appeal is from the decree of the circuit court, sitting in equity, sustaining the demurrer of the defendants to the bill and dismissing the same.

The bill is filed by a mortgagor, within four months and a day after foreclosure, and seeks a declaratory decree as to the rights of the complainant to redeem under the provisions of §§ 10140, 10141, of the Code.

The filing of the bill was provoked by a notice issued by the defendant Manning, dated on the day of foreclosure, and which came to the complainant, as the bill avers, on the 18th of September, 1937, three months and some days after the day of foreclosure, to the effect that he, Manning, had acquired by assignment an unforeclosed junior mortgage on the property embraced in the foreclosure, executed by the complainant to James E. and Walter P. Martin, together with the junior mortgagee's statutory right of redemption, and that "in accordance with Section 10141 of the Code of Alabama, that the undersigned, [Manning] as the owner of said second mortgage and the notes secured thereby and as assignee of the aforesaid rights, intends to redeem said property from the aforesaid foreclosure sale thereof made on June 15, 1937."

The original bill, in paragraph six thereof, contains the following: "Complainant avers that it is and will be the contention of the Respondents, jointly and severally, upon the failure of Complainant Theater Company to effect a redemption of said Lyric Theater property from the Respondent Saenger Realty Corporation within sixty days after the service of said notice

672

from Respondent Manning, that Complainant Theater Company may not further or thereafter effect a redemption of said property although it be within two years from such foreclosure."

By amendment paragraph six was stricken from the bill and in lieu thereof allegations in respect to incidents and transactions occurring after the bill was filed were substituted, to the general effect that said Manning was but the agent or conduit of the vendee of the purchaser at the foreclosure sale attempting to effect a fraudulent and colorable redemption to cut off and destroy the statutory right of redemption of the complainant.

■ The original bill did not present a justiciable controversy within the Declaratory Judgment Act. Gen.Acts 1935, p. 777. The averments of the bill show that the respondents conceded to the complainant his statutory right of redemption, and was seeking to force the complainant to redeem "or bring suit to redeem within sixty days after service of such notice" or forfeit, not his right of redemption, but his priority as declared by § 10141 of the Code. The right of redemption can not be cut off within the statutory period, except by a bona fide redemption by one who has the right to redeem.

■ Stated in other words, complainant's averments merely show that it anticipated a controversy would arise out of its inability to proceed with redemption within the sixty days allowed by the statute after notice.

This is not a justiciable controversy within the Declaratory Judgment Act. Jefferson County v. Johnson, 232 Ala. 406, 168 So. 450; Bagwell as Adm'r v. Woodward Iron Co., Ala.Sup., 184 So. 692,[1] and authorities therein cited.

Whether the subsequently occurring facts set up in paragraph six and seven added to the bill by amendment show a bona fide valid redemption that will preclude the appellant from redeeming the property, we need not decide as the bill does not seek to redeem, and if it had it was subject to some of the objections pointed out in the demurrer.

The decree is affirmed.

Affirmed.

THOMAS, BROWN, and KNIGHT, JJ., concur.

