194 So. 520

**BATES et al. v. BAUMHAUER.**

1 Div. 91.

Supreme Court of Alabama.

Feb. 22, 1940.

Rehearing Denied March 21, 1940.

Joseph N. Langan, of Mobile, for appellants.

Armbrecht, Inge, Twitty & Jackson, of Mobile, for appellee.

BROWN, Justice.

This appeal is from the interlocutory decretal order of the circuit court overruling the defendant's demurrers to the bill.

The bill is filed by the appellee, alleging that he is a member of the Board of Commissioners of the City of Mobile, against said City and the other members of said Board, and prays, that the court

"Enter a ·declaratory decree holding and determining that the said Acts of the Legislature of Alabama Nos. 246, 283 and 289, and all and each of said Acts is violative of the Constitution of the State of Alabama and void to the end that the rights, status and legal relation of the parties hereto, as affected by said Acts and each of them, may be determined in order to terminate the uncertainty and controversies which have given rise to this proceeding. Complainant further prays that your Honors will grant an order for the issuance of an alternative writ of mandamus, commanding and directing the said Respondents R. V. Taylor and Cecil F. Bates, as members of the Board of Commissioners of the City of Mobile, to issue a certificate as required by law, certifying that your complainant is a duly elected and qualified member of said Board for the term beginning October 1, 1939, and ending September 30, 1945, or to appear before this Court on some date to be named in said writ, and show cause, if any there be, why a peremptory writ of mandamus should not issue requiring them and each of them to issue said certificate.

"Complainant further prays that upon such notice and hearing as may be required by law, your Honors will issue a temporary mandatory injunction, compelling the Respondents and each of them to issue or cause to be issued the certificate as herein prayed for and to pay or cause to be paid to your Complainant, during the Complainant's term expiring September 30, 1945, or so much of said term as Complainant serves, the salary to which the Complainant is entitled as a member of the Board of Commissioners of the City of ·Mobile, under and by virtue of Section 16 of said Act of the Legislature approved April 8, 1911, and compelling the Respondents to exercise their respective rights, powers and duties, relative to the distribution and allocation of the administration of the departments of the City of Mobile, as members of the Board of Commissioners of the City of Mobile, as authorized, directed and required by Sections 7 and 8 of said Act of the Legislature approved April 8, 1911, and upon final determination of this cause that said injunction be made permanent."

As a basis for this relief the bill alleges, in short, that prior to the municipal election held in said City on the 11th of September, 1939, he was a member of the Board of Commissioners; that he was elected in said election to succeed himself for the ensuing term beginning October 1, 1939; that the Board of Commissioners met on the 12th of September, 1939, canvassed the returns and declared the result showing the re-election· of complainant, and issued to him a certificate of election to the effect he was entitled to hold for said ensuing term beginning October 1, 1939, but on complainant's demand there-

for said Board "declined to certify that your complainant was the duly elected and qualified Commissioner of said City for the term ending September 30, 1945."

That "said demand was made by your Complainant as your Complainant is *advised* and believes, and on information and belief states, that said Act No. 246, approved August 18, 1939, is violative of the Constitution." [Italics supplied.]

Like averment is made as to the unconstitutionality of Acts 283 and 289, all of said acts being passed as amendatory of the commission form of government act of 1911, as amended by act approved September 28, 1915. General Acts 1915, p. 869.

The bill further avers: "That due to doubts as to the validity of said Act No. 289, and until such doubts are removed * * * in this proceeding, the members of said Board have been unable to and will continue to be unable to determine and exercise their duties and powers with reference to the allocation of the various departments of said City among the members of said Board, and it is essential in the proper administration of the government of the City of Mobile that the questions presented in this proceeding be determined as expeditiously as possible."

The defendant demurred "to Count One of Complainant's Bill" and so on down through "Count Eleven" on numerous specific grounds.

The defendants also demurred "to Complainant's bill of Complaint in that there is no equity in the bill."

The Judge in concluding his opinion observed: "As the answer filed in the said cause sets forth practically the same considerations before the Court on demurrer, being denials only of law but admitting the facts alleged in the petition, a full decree will be entered as provided in the declaratory judgment act."

Notwithstanding only a decretal order was given overruling the "said general and special demurrer."

Equity Rule 11 provides: "The bill must contain a clear and orderly statement of the facts on which the suit is founded, without prolixity or repetition the averments being divided into *sections* of convenient length for answering, and numbered consecutively, 1, 2, etc." Rules for Equity Practice, effective January 1, 1940; Code 1923, § 6525. [Italics supplied.]

The terminology "count" is not appropriate to equity pleading. It applies only to proceedings in the common law courts.

It is permissible to demur to a section of the bill, in effect a motion to strike such part of the bill, and the demurrer is not well taken if the fact alleged in such part of the bill is relevant to and tends to sustain the bill as a whole. If, on the other hand, the facts alleged in the part demurred to are wholly irrelevant to the bill such demurrer should be sustained. The effect of the decree sustaining such demurrer is to strike out the part demurred to, and the complainant, if his bill is otherwise sufficient, proceeds without amendment. Pollak v. Stouts Mountain C. & C. Co. et al., 184 Ala. 331, 63 So. 531; Abrams v. Abrams et al., 225 Ala. 622, 144 So. 828.

Mandamus is one of the original common law writs, and "an action for mandamus," as it is sometimes called, is a common law proceeding, in respect to which courts of equity are without jurisdiction. 18 R.C.L. 88, § 2; and authorities cited under note 10.

If, as alleged in the bill, complainant was entitled to a certificate of election specifying the date of the beginning and the date of ending of his incumbency, he has a full, complete and adequate remedy at law by mandamus. State ex rel. Thompson v. Circuit Judge of Mobile, 9 Ala. 338; Reed et al. v. State ex rel. Davis, 234 Ala. 306, 174 So. 498; Poyner et al. v. Whiddon et al., 234 Ala. 168, 174 So. 507.

It does not appear that complainant's right to receive his salary is questioned, but if it is he has a complete and adequate remedy at law.

The facts alleged fall far short of showing a justiciable controversy entitling the complainant to proceed under the Declaratory Judgment Act. In fact it is patent on the face of the proceeding that the complainant seeks a judicial advisory opinion confirming what he has already been advised—that said amendatory acts are all unconstitutional. Courts of equity have no authority to give such opinions. Upshaw v. Eubank et al., 227 Ala. 653, 151 So. 837.

The circuit court erred in overruling the general demurrer for want of equity, and

'for this error the decretal order is reversed, and a decree here rendered sustaining said demurrer and dismissing the bill.

Reversed and rendered.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.