38 So.2d 851

### SHADIX v. CITY OF BIRMINGHAM.

6 Div. 752.

Supreme Court of Alabama.

Feb. 17, 1949.

Wm. Conway, of Birmingham, for appellant.

Thos. E. Huey, Jr., of Birmingham, for appellee.

LAWSON, Justice.

This is a suit at law by G. D. Shadix against the City of Birmingham seeking a declaratory judgment as to the validity and effect of an ordinance of said city.

The demurrer of the City of Birmingham to the petition was sustained by the trial court; of consequence, the plaintiff suffered a non-suit and has appealed as authorized by the statute.—§ 819, Title 7, Code 1940.

The rule prevailing in this jurisdiction, as well as elsewhere, is that there must be a bona fide existing controversy of a justiciable character to confer upon the court jurisdiction to grant declaratory relief under declaratory judgment statutes. Jefferson County v. Johnson, 232 Ala. 406, 168 So. 450; Hawkins v. Jefferson County, 233 Ala. 49, 169 So. 720; Bagwell v. Woodward Iron Co., 236 Ala. 668, 184 So. 692; Theater Co. v. Manning, 236 Ala. 670, 185 So. 171; Saenger Theatres Corp. v. McDermott, 237 Ala. 489, 187 So. 460; Bates v. Baumhauer, 239 Ala. 255, 194 So. 520; Bullock County v. Sherlock, 242 Ala. 262, 5 So.2d 800.

It is not sufficient to plead by way of conclusion that there is an existing controversy of a justiciable character between the parties. Facts must be pleaded out of which the controversy arises. City of

Cherryvale v. Wilson, 153 Kan. 505, 112 P.2d 111; Anderson v. Wyoming Development Co., 60 Wyo. 417, 154 P.2d 318.

Although ordinances are expressly declared to be proper subjects of declaratory relief, yet a declaratory judgment may not be rendered in respect to them in disregard of the statutory limitations upon the granting of such relief. Monahan v. Dept. of Water and Power, 48 Cal.App.2d 746, 120 P.2d 730. The mere allegation that the petitioner is a resident citizen of the municipality does not give the court jurisdiction to declare on the validity or construction of an ordinance of the city.

The averments of the petition, which were evidently designed to show a justiciable controversy, are as follows:

"2. Plaintiff avers that on February 24, 1948, defendant duly and legally adopted the following Ordinance.

"'Ordinance No. 617-F

"'An Ordinance To Permit Voluntary Settlement Of A Charge Of Drunkenness.

"'Be It Ordained By the Commission of the City of Birmingham that any person who is in the city jail charged with drunken conduct prohibited by Section 835 of the General City Code, and who has not appeared, or executed bond for appearance, in recorder's court to answer such charge, and who desires to waive trial of the question of his guilt or innocence and to settle voluntarily for such alleged offense, may apply to the superintendent of the city jail, or to the warden on duty, within seventy-two hours after the time he is charged with having committed such offense, to pay voluntarily the amount of five dollars ($5.00), and said superintendent or warden, unless otherwise ordered by the commissioner of public safety, is hereby authorized and directed to receive such amount and give a receipt therefor, and in the event of such payment no prosecution for the alleged offense shall be thereafter instituted or maintained in the recorder's court.

"'Any such alleged offender may, in lieu of voluntary settlement as aforesaid, and in lieu of arrest in usual course, sign and deliver to said superintendent or warden a bond, in such reasonable penalty as the superintendent or warden may prescribe, for appearance in the recorder's court. The foregoing right of applying for voluntary settlement shall be limited to cases involving a charge of plain drunkenness, unaggravated by any other alleged offense.'

"On March 17, 1948, plaintiff was arrested in the City of Birmingham by one of defendant's police officers on a charge of public drunkenness and was incarcerated in the defendant's jail and plaintiff voluntarily paid to the Superintendent of said City jail of defendant the sum of $5.00 as provided in said Ordinance, and was released from custody, and also, received from said superintendent of said city jail the following receipt * * *"

We are of the opinion that the averments of the petition are totally insufficient to justify resort to litigation looking to a declaratory judgment. The facts do not show any present controversy between the petitioner and the City of Birmingham. From aught that appears the petitioner was lawfully arrested and lawfully incarcerated. He voluntarily paid the $5 and secured his release. There is no averment which tends to show a change of that status in a manner that would affect the rights of either the petitioner or the City, or that would subject petitioner to any actual or threatened loss. There is no allegation that the City of Birmingham or the State of Alabama intends to take any action against the petitioner for the commission of the offense for which he was incarcerated.

The declaratory judgment statutes do not empower courts to decide moot questions, abstract propositions, or to give advisory opinions, however convenient it might be to have the questions decided for the government of future cases. Bates v. Baumhauer, supra; Bullock County v. Sherlock, supra; Theater Co. v. Manning, supra; Davis v. State, 183 Md. 385, 37 A.2d 880; Drake v. City of Portland, 172 Or. 558, 143 P.2d 213; Cole v. Chief of Police of Fall River et al., 312 Mass. 523, 45 N.E.2d 400, appeal dismissed, Cole v. Violette, 319 U.S. 581, 63 S.Ct. 1204, 87 L.Ed. 1599. While there may be a differ-

ence of opinion as to the validity of the ordinance in question, there is no present clash of contending rights.

Our judgment is that the averments of the petition fall far short of presenting an actual bona fide justiciable controversy between the parties. The demurrer to the petition was well taken and was properly sustained. The judgment of the circuit court is affirmed.

Affirmed.

BROWN, FOSTER and STAKELY, JJ., concur.