39 So.2d 582

### MITCHELL, Director, Department of Public Safety, v. HAMMOND.
### 3 Div. 510.

Supreme Court of Alabama.
March 24, 1949.

A. A. Carmichael, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for appellant.

John W. Finnell, of Tuscaloosa, for appellee.

SIMPSON, Justice.

The appeal is from an interlocutory decree overruling the demurrer to a bill in equity filed by appellee, Hammond, against appellant, Mitchell, as Director of the Department of Public Safety, for a declaratory judgment to review the propriety of the action of the said Director in revoking appellee's driver's license on the basis of which was sought a declaration that the revocation of the license was unauthorized.

The statute under which the Director purported to act is § 68, Title 36, Code 1940, which provides, inter alia, that on the final conviction of any person of driving a motor vehicle while intoxicated and the transmittal to him by the court of the record of such conviction, the Director of Public Safety shall forthwith revoke the driver's license of such person.

The claim for relief is rested on the contention that there has been no final conviction so as to authorize the Director to take such arbitrary action, that is, that there was no evidence or insufficient evidence before this official to justify a revocation under the terms of the statute.

We are met at the threshold by a procedural question, the determination of which will be fatal to the case. The remedy afforded by the Declaratory Judgment Act, Code 1940, Tit. 7, § 156 et seq., is not available to the complainant.

It is true that "controversies to which the legalities of action of public officials or public agencies challenged by parties whose interests are adversely affected is one of the favored fields for declaratory judgments," Donoghue v. Bunkley, 247 Ala. 423, 433, 25 So.2d 61, 70, but this general statement of principle is subject to some explanation. In essence, the attempt here is to use the proceeding to review the sufficiency, vel non, of the evidence on which has been rested official action by a department of state government, acting by and through the director thereof. In other words, to use the procedure as in the nature of an appellate review of such official action. It was never contemplated that the statute could be so employed.

This court has heretofore been committed to the soundness of the doctrine

that the proper field of operation for the Declaratory Judgment Act is to give a new remedy where none previously existed rather than to make two existing remedies and where there is an established remedy adequate for the purposes of the case and available to the party, relief by declaratory judgment should, as a rule, be denied. Donoghue v. Bunkley, supra.

We, of course, now take notice of the act of the recent legislature, which provides that the remedy provided by the Declaratory Judgment Act "shall not be construed by any court as an unusual or extraordinary one but shall be construed to be an alternative or cumulative remedy." Act No. 604, General Acts 1947, p. 444, Code, Cum.Sup., Title 7, § 167. But, without considering the effect of this amendment to the original act on the heretofore established rule, it is clear that it was not thereby contemplated that a proceeding in declaratory judgment be substituted for the remedy of appeal, certiorari or mandamus as the method of direct review of the judgments, decrees or orders of a judicial nature, respectively, of lower courts, bureaus, departments, or the directors or administrators thereof. We know of no case, have been cited to none, and can conceive of no situation which would warrant one as would authorize the use of the act as a method of appeal or appellate review to obtain an original declaration of rights between parties in matters solely appellate.

It is fundamental that this type of proceeding cannot be used as a substitute for an appeal, Ex parte State ex rel. Lawson, 241 Ala. 304[3], 2 So.2d 765; State v. Louis Pizitz Dry Goods Co., 243 Ala. 629 [3], 11 So.2d 342, and under like principle, where the statute has provided for no appeal as a method of review, the procedure cannot be substituted for certiorari or mandamus as a method of review. As we see it this is what is attempted by the instant proceeding.

To further elucidate the principle, one essential for the remedy to be available is that there must be a justiciable controversy between the parties. Here there is none. The question has already been adjudicated by the head of a department having jurisdiction of the subject matter and the parties, on evidence—albeit allegedly insufficient to that end—duly presented. The annotator thus epitomizes the rule in the well-considered case of Shearer v. Backer, 1925, 207 Ky. 455, 269 S.W. 543:

"Questions already adjudicated by a court having jurisdiction of the subject-matter and the parties cannot thereafter be the subject, between such parties and their privies, of an actual controversy within the meaning of this term in the Declaratory Judgment Act." 50 A.L.R. 48.

The constitutionality of the statute or the authority of the Director to lawfully act under it is not under question so as to bring the controversy within the field of the decided cases. There is a clear difference between determining such real controversy and, as here, in determining whether an act of a public official or bureau is supported by evidence as the basis for official action.

In the first instance, there is a controversy as to the meaning of what the official has done or ordered, while in the second there is merely a contention that the official acted upon no evidence or improper evidence. In the latter case the question should be determined by the usual method of direct review. In the latter instance the effort is to get the action or judgment of the official reversed, or rescinded, whereas in a proceeding for a declaratory judgment there is no such purpose, but rather an effort to have the official act interpreted. We think our cases sustain this.

In the case of Scott v. Alabama State Bridge Corporation, 233 Ala. 12, 169 So. 273, there was proposed a tentative plan in order to secure payment of certain bonds. The legality of this plan was challenged and the court proceeded to determine the controversy by declaratory judgment.

In the case of Alabama State Milk Control Board v. Graham, 250 Ala. 49, 33 So. 2d 11, the Milk Control Board had made an order and there was uncertainty and a consequent controversy as to the meaning and validity of the order. The court held

84

that this presented a justiciable controversy.

In the case of Morgan v. Board of School Commissioners of Mobile County, 248 Ala. 22, 26 So.2d 108, the bill for a declaratory judgment was upheld since there was a controversy between public officials as to their powers and duties under certain statutes.

In Curry v. Woodstock Slag Corporation, 242 Ala. 379, 6 So.2d 479, a declaratory judgment was sought to determine whether the sales tax is applicable to a given state of facts and for guidance to the complainant and the state officers.

The point is well illustrated by Avery Freight Lines v. White, 245 Ala. 618, 18 So.2d 394, 154 A.L.R. 732, and the second appeal in that case, styled Avery Freight Lines, Inc., v. Persons, 250 Ala. 40, 32 So. 2d 886. In these cases this court in effect held that under the Declaratory Judgment Act it had the power to interpret or determine the meaning of a decree rendered by the Circuit Court of Mobile County, in Equity. It was pointed out on the second appeal that it was not the function of the court in such proceeding to determine whether the Mobile court acted correctly or erroneously in rendering its decree, but that it was proper under the act to determine whether the Mobile court had the legal power to render the decree and the rights, if any, conferred by the decree. It was also pointed out in these cases that the procedure could not serve the purpose of an appeal to review nisi prius action.

These cases, to our minds, clearly illustrate the difference between interpretation and review and we think it plain that the matter presented on this appeal is to be so differentiated and falls within the latter class.

So considered, the procedure was improper and the court was without authority to entertain the bill. Shadix v. City of Birmingham, 251 Ala. 610, 38 So.2d 851; Jefferson County v. Johnson, 232 Ala. 406, 168 So. 450; Hawkins v. Jefferson County, 233 Ala. 49, 169 So. 720; Bagwell v. Woodward Iron Co., 236 Ala. 668, 184 So. 692; Theater Co. v. Manning, 236 Ala. 670, 185 So. 171; Saenger Theatres Corporation v. McDermott, 237 Ala. 489,

187 So. 460; Bates v. Baumhauer, 239 Ala. 225, 194 So. 520; Bullock County v. Sherlock, 242 Ala. 262, 5 So.2d 800.

The ground of demurrer questioning the equity of the bill was sufficient to raise the point, Montgomery et al. v. Alabama Power Co., 250 Ala. 441, 34 So.2d 573; Alabama State Milk Control Board v. Graham, supra, and, indeed, this court takes notice, ex mero motu, of such lack of jurisdiction. Craig v. Root, 247 Ala. 479, 484, 25 So.2d 147.

It results, therefore, that a judgment of reversal must be here entered and one rendered dismissing the bill.

Reversed and rendered.

BROWN, FOSTER, LIVINGSTON, and STAKELY, JJ., concur.

LAWSON, J., dissents.