145 So.2d 844

Guy SPARKS, as Commissioner of Revenue

v.

BROCK & BLEVINS, INC.

3 Div. 985.

Supreme Court of Alabama.

Oct. 18, 1962.

MacDonald Gallion, Atty. Gen., and Herbert I. Burson, Jr., Asst. Atty. Gen., for appellant.

148

John R. Matthews, Jr., Ball & Ball, Montgomery, and Robt. B. Wilkins, Wilkins, Stephenson & Byrd, Mobile, for appellee.

SIMPSON, Justice.

Bill for declaratory judgment brought under the provisions of § 810, Title 51, Code of Alabama 1940, to recover use taxes paid under protest. The primary contention of the appellant is that the lower court should not have taken jurisdiction because appellee did not file a request for a redetermination under § 797 of Title 51 within the statutory period after assessment was made final, although accorded the opportunity to do so, and that the time for appeal to the circuit court had expired. The argument runs that the appeal not having been taken, the finding by the Department of Revenue was final and res judicata as to the instant controversy; and so no justiciable controversy existed.

On the other hand, appellee contends that § 810, supra, gives him the unqualified right to pay the tax under protest, and within two years bring an action in the Montgomery Circuit Court, in Equity, praying for a declaratory judgment determining his tax liability or the right to a refund.

We are thus called on to reconcile an apparent conflict between § 810 and § 797, which heretofore has been unresolved.

The pertinent provisions of said § 810 read:

"§ 810. *Declaratory judgments fixing tax liability.*—* * * but after payment of any such tax or any such amount of tax herein required to be collected under protest, duly verified and setting forth the grounds of objection to the legality thereof, the retailer or person making the payment may bring an action against the commissioner of revenue in the circuit court of Montgomery county, Alabama in equity, praying a declaratory judgment determining his tax liability for the amount so paid or his rights to a refund thereof. From the decree of the circuit court either

the commissioner or the person making the payment may appeal direct to the supreme court within thirty days and such appeal shall be a preferred case. * * * No such action may be instituted more than two years after the tax or the amount herein required to be collected and paid to the state becomes due and payable, and failure to bring suit within said two years shall constitute waiver of any and all demands against the state on account of alleged overpayments hereunder."

Section 797, as pertinent, provides:

"§ 797. *Redetermination; procedure; appeal.*—Any person from whom an amount is determined to be due under the provisions of sections 794 or 795 of this title may petition for a redetermination thereof within thirty days after service upon such person of notice thereof. If a petition for redetermination is not filed within said thirty-day period, the amount determined to be due becomes final at the expiration thereof. * * * From the final determination as is provided for in this article, either the state, or a taxpayer who has filed a petition for redetermination as provided for herein, may appeal in all respects and in the same manner as provided by section 140 of Title 51 of this Code."

It appears from the record that the assessment was made final against appellee on September 23, 1955, and that the tax was paid under protest February 27, 1956. No petition for a redetermination was filed and no appeal was taken. The time for petitioning for a redetermination having run the appellee sought declaratory judgment pursuant to the provisions of said § 810, which the lower court entertained. In this there was error.

■■ We have held on numerous occasions that the action for a declaratory judgment cannot be used as a substitute for an appeal. Ex parte State ex rel. Lawson, 241 Ala. 304, 2 So.2d 765; State v. Louis Pizitz Dry Goods Co., 243 Ala. 629, 11 So. 2d 342; Mitchell v. Hammond, 252 Ala. 81,

39 So.2d 582. Appellee sought to do by a declaratory judgment proceeding what he could no longer do by appeal. After final assessment by the Department, appellee had the right to appeal within the time provided from the adverse finding of the Department, but he chose not to do this, but rather to wait until some months later and file an action praying for a declaratory judgment. This in effect was substituting a declaratory judgment proceeding for an appeal which we think appellee should not have been allowed to do.

Section 797 clearly provides that the taxpayer who has been notified that an assessment for use tax has been made against him under either section 794 or 795 must petition for a redetermination within thirty days and if such petition is not made, the assessment becomes final. It, of course, affirmatively appears that an appeal was not taken under § 140 of Title 51 within thirty days after the assessment was made final. Thus there was no justiciable controversy between the parties. The question had already been decided by the Department having jurisdiction of the subject matter and parties. Mitchell v. Hammond, supra, and cases cited therein.

■■■ The rule in our jurisdiction is that a final assessment of the Department of Revenue unappealed from is as conclusive as a judgment of a circuit court of Alabama, and may be impeached only by a direct proceeding not being subject to collateral attack. State v. Woodroof, 253 Ala. 620, 46 So.2d 553; State ex rel. Carmichael, Atty. Gen. v. Jones, 252 Ala. 479, 41 So.2d 280. The right of appeal is clearly statutory and must be exercised in the mode and within the prescribed time. State v. Ide Cotton Mills, 175 Ala. 539, 57 So. 481; Ross Jewelers v. State, 260 Ala. 682, 72 So.2d 402, 43 A.L.R.2d 851. The action for a declaratory judgment in the instant case was in effect a collateral attack on a final judgment. The language of the court in State v. Woodroof, supra, is here appropriate:

"The final assessment not appealed from is as conclusive as the judgment

of an ordinary court. It is the judgment of a tribunal constituted a court by the legislature as authorized by section 139 of the Constitution, and is conclusive as such. Being rendered on March 29, 1948, and no appeal having been taken in thirty days, section 140, supra, no attack can be made upon it except such as applies to an ordinary court judgment. It therefore conclusively fixed the amount of the tax claim as of March 29, 1948. State ex rel. Carmichael v. Jones, 252 Ala. 479, 41 So.2d 280(10, 11)."

To recapitulate, we hold that where the Department has entered a final assessment under § 794 or § 795, the taxpayer must then petition for a redetermination under § 797, and if still aggrieved appeal as provided for therein. If the assessment has not been made *final* by the Department, the taxpayer may pay the assessment under protest, and file suit for a declaratory judgment under § 810, provided all other conditions are met.

This has been the long-standing ruling also of the Department of Revenue. See "Methods of Judicial Review" promulgated by the legal division of the Department by "Bulletin" dated May 31, 1961.

So considered, the procedure was improper and the court was without authority to entertain the bill. Shadix v. City of Birmingham, 251 Ala. 610, 38 So.2d 851; Jefferson County v. Johnson, 232 Ala. 406, 168 So. 450; Hawkins v. Jefferson County, 233 Ala. 49, 169 So. 720; Bagwell v. Woodward Iron Co., 236 Ala. 668, 184 So. 692; Theater Co. v. Manning, 236 Ala. 670, 185 So. 171; Saenger Theatres Corp. v. McDermott, 237 Ala. 489, 187 So. 460; Bates v. Baumhauer, 239 Ala. 255, 194 So. 520; Bullock County v. Sherlock, 242 Ala. 262, 5 So.2d 800.

It results, therefore, that a judgment of reversal must be here entered and the cause remanded.

Reversed and remanded.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.