268 So.2d 760

Harland L. RADUE

v.

James BRADSHAW, Individually, and as agent for the Department of Revenue, State of Alabama, et al.

SC 21.

Supreme Court of Alabama.

Nov. 9, 1972.

482

Herbert W. Stone, Birmingham, for appellant.

William J. Baxley, Atty. Gen., Willard W. Livingston, Counsel, Dept. of Revenue and Asst. Atty. Gen., Herbert I. Burson, Jr., Asst. Counsel, Dept. of Revenue, and Asst. Atty. Gen., for the State.

Richard Dominick, Birmingham, for Sheriff of Jefferson County.

MADDOX, Justice.

Appellant taxpayer, Harland L. Radue, appeals from a judgment dismissing his declaratory judgment action against agents of the Department of Revenue of the State of Alabama and the Sheriff of Jefferson County.

On August 17, 1970, the State of Alabama made a preliminary income tax assessment against Harland L. and Jo Ann Radue based on their failure to make a return for calendar year 1969. On January 5, 1971, Harland L. Radue filed an individ-

ual income tax return which contained no statement of salary, deductions, or exemptions, but rather had written on its face, "I plead the 5th Amendment of the U. S. Constitution and in violation of my rights to privacy." On January 7, 1971, the State made a final assessment of income tax against Harland L. and Jo Ann Radue in the amount of $692.11 for 1969 and ordered that a copy of this final assessment be sent by certified mail to them. On September 22, 1971, Harland L. Radue filed this action in the Circuit Court of Jefferson County seeking to have the assessment declared void. The State's motion to dismiss was granted on November 18, 1971. From this order of dismissal, Radue perfects this appeal.

The taxpayer (hereinafter referred to as the appellant) contends: (1) that the "blank" return of January 5, 1971, was a return so that the State of Alabama, on determining the tax due to be different from that claimed by the appellant, must follow Title 51, § 407 which provides for notice to the taxpayer of the amount of the assessment and the fixing of a date for the hearing of any protest by the taxpayer;

(2) that even assuming the January 5, 1971 "blank" return was not a return, the State of Alabama did not use the best information available in making the final assessment as required by Title 51, § 416; (3) that, in light of his constitutional objections to filing an income tax return pursuant to Title 51, § 394, he did not have to exhaust the statutory method of appeal, as provided for by Title 51, § 140, before resorting to a collateral attack of the final assessment.

As to the appellant's first contention, Title 51, § 394 provides that a return state specifically the items of gross income and the deductions and credits claimed by the taxpayer. In the instant case, the appellant's "blank" return of January 5, 1971 did not contain any of the items required by the statute. The "blank" return cannot be considered a return within the provisions of Title 51, § 394. See United States v. Porth, 426 F.2d 519 (10 Cir. 1970). Consequently, the State was under no obligation to conform to the procedures set out in Title 51, § 407.[1] The appellant's first contention is without merit.

[1] "Assessment of income taxes.—The income tax provided for in this chapter shall be assessed and fixed as hereinafter provided by the department of revenue and upon blanks in the form to be prescribed by the department of revenue. Provided, the amount shown to be due by the taxpayer's return shall constitute and create a prima facie liability for such amount on which taxes shall be paid as herein provided. Provided, further, that 'assessment' or 'assessed' herein used shall refer to and mean the final determination of the amount found to be due by the department of revenue. Provided, further, that the mailing of the income tax blank to persons liable for the tax herein provided, shall be the only notice required to be given, except where the amount as finally fixed by the department of revenue shall be different from the amount shown to be due by the returns as made by the taxpayer. Provided, further, that the failure to receive such blank shall not relieve any person required to make a return, from making such return, or the penalties for failure to so do or liability for tax. Provided, further, that that where the department of revenue determines that the amount due is different from that shown by the taxpayer's return, notice of such different amount shall be given to taxpayer by registered mail, return receipt requested, giving the taxpayer notice of the amount so fixed and the department of revenue shall fix a day, not less than fifteen days from date of such notice, for hearing any protest of taxpayer. The time and place of such hearing shall be designated in such notice. Upon hearing such protest or if the taxpayer fails to appear on the day set, the department of revenue shall finally fix, determine and assess the amount of tax due and notify the taxpayer thereof by registered mail. Within thirty days from the date of mailing the letter advising the taxpayer of such assessment the taxpayer may appeal from such assessments in the same manner as in cases of appeals from assessments made by the department of revenue as provided for in this title."

## 484

The appellant's second contention is that in the absence of a return for 1969, the provisions of Title 51, § 416 require that a final assessment be based "on the best information obtainable," and that, in the instant case, while it is stated in the record that the final assessment was made from the "best information available," it does not appear from the record what this best information consisted of, and that this omission renders the assessment void. The preliminary assessment of August 17, 1970, on which the final assessment of January 7, 1971, was based, states that it was made from the "best information obtainable." The Department of Revenue was not obligated to set out specifically what information it considered in making the final assessment in order to comply with the provisions of Title 51, § 416. In view of the Department of Revenue's compliance with the statutory provisions (i. e. Title 51, §§ 407, 416), the appellant's second contention must fail.

· [4] We come now to appellant's third contention, that his declaratory judgment action was maintainable even though he took no appeal from the final assessment made by the State. The appellant contends that the appeal procedures outlined in Title 51, § 140 need not be followed where the attack is on the constitutionality of the taxing system. We disagree.

In Sparks v. Brock & Blevins, Inc., 274 Ala. 147, 145 So.2d 844 (1962), this Court held that a final assessment of the Department of Revenue, unappealed from, is as conclusive as a judgment of a circuit court of Alabama, and is not subject to collateral attack by an action for a declaratory judgment. See also State v. Woodroof, 253 Ala. 620, 46 So.2d 553 (1950); Hamm v. Harrigan, 278 Ala. 372, 178 So.2d 529 (1965). In view of *Sparks*, supra, the appellant's failure, in the instant case, to appeal the final assessment within thirty days to the Circuit Court of Jefferson County had the effect of foreclosing any attack on the assessment by way of a declaratory

judgment action. Thus, the lower court did not err in dismissing the appellant's bill of complaint seeking to have the assessment declared void, and the. appellant's third contention must fail.

The court below did not err in dismissing the appellant's complaint. The judgment of dismissal is due to be affirmed.

Affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD· and SOMERVILLE, JJ., concur.