This case involves a declaratory judgment action which was instituted by the appellant taxpayers in an attempt to vacate final sales tax assessments totaling in excess of $136,000. The appeal was transferred to this court by the supreme court.
The following appears from the record: The final assessment for the sales taxes was made by the Department of Revenue (Department) on May 13, 1981, copies of which were received by the taxpayers on May 18. On June 12, the taxpayers filed a pleading in the Circuit Court of Etowah County which, in toto, stated, "Come now the above listed Plaintiff(s) and Appellants and appeal from the final assessment of the Department of Revenue State of Alabama in the above styled cause and file a bill for declaratory judgment." A copy of that instrument was not filed with the secretary of the Department until June 17, 1981.
On June 18, 1981, the taxpayers amended their prior pleading so as to seek a declaratory judgment that the assessment and subsequent tax liens and executions thereon were unconstitutional because the taxpayers were not notified of the day set for the hearing by the Department and that they were thereby deprived of their rights to appear and protest against the assessment. They averred that, upon receiving copies of the final sales tax assessments by mail on May 18, they filed a motion with the Department on June 1 to set aside the final assessments because of such lack of procedural due process and to grant to them the required hearing. When no response to their motion was made by the Department, the attorney for the taxpayers contacted Mr. Brashears, the chief of the collection division of the Department, who advised the attorney that no hearing would be granted, that no appeal could be taken because the taxpayers had not appeared and protested the assessment at the time the hearing was originally set and that executions were being issued against them.
The defendants filed a motion to dismiss. The Etowah Circuit Court dismissed the taxpayers' appeal and transferred the declaratory judgment action to the Circuit Court of Montgomery County because of a lack of proper venue thereof in Etowah County. The Montgomery court granted the defendants' motion to dismiss the taxpayers' action for a declaratory judgment, hence this appeal. We affirm. *Page 985 
The primary issue is whether, under the foregoing circumstances, an appeal was the exclusive remedy of the taxpayers.
The application and interpretation of the following sections from the Code of Alabama (1975) are in controversy:
 § 40-23-17. Notice of assessments generally; hearings; finality of assessment.
 Whenever the department of revenue shall make an assessment against a taxpayer as herein provided, the department shall notify the taxpayer by registered or certified mail of the amount of such assessment, and shall notify the taxpayer to appear before the department on a day named not less than 20 days from date of such notice and show cause why such assessment should not be made final. Such appearance may be made by agent or attorney. If no showing is made on or before the date fixed in such notice, or if such showing is not sufficient in the judgment of the department, such assessment shall be made final in the amount originally fixed or in such other amount as is determined by the department to be correct. If upon such hearing the department finds the amount due to be different from that originally assessed, it shall make the assessment final in the correct amount and in all cases shall notify the taxpayer of the assessment as finally fixed. A notice by United States mail addressed to the taxpayer's last known place of business shall be sufficient. Any assessment made by the department shall be prima facie correct upon appeal.
 § 40-23-18. Appeals from assessments; limitation of actions; agreements for extension of time for collection or refund.
 (a) Whenever any taxpayer, who has duly appeared and protested an assessment by the department of revenue, is dissatisfied with the assessment as finally made, he may appeal in all respects in the same manner provided by section 40-2-22. No appeal shall lie in cases where the taxpayer has failed to appear and protest.
The taxpayers contend that they could not appeal since they did not appear and protest the tax assessment. They say that they did not so appear and protest because they had no notice of the hearing as to the assessment as is required by the first sentence of § 40-23-17, supra.
On the other hand, the Department contends that they gave the required notice of the administrative hearing to the taxpayers, and that if notice of the hearing was given, the appeal would be barred by the last sentence of § 40-23-18 (a), supra, that a taxpayer may not appeal if he has failed to appear and protest at the administrative hearing. However, if notice of the administrative hearing was not given, the Department argues that such restriction to an appeal would not apply, consequently permitting the taxpayers to appeal and to raise therein the lack of such notice.
That last sentence in § 40-23-18 (a), supra, presupposes that the Department has fully complied with the notice requirements of the preceding code section, § 40-23-17, supra. By necessary implication, the prohibition against an appeal by a taxpayer who fails to appear and protest applies only where the required notice of the administrative hearing was given. If the notice provisions as to the administrative hearing were not complied with, the requirement is ineffective that a taxpayer must appear and protest an assessment as a condition precedent to his taking an appeal. Such a taxpayer could still take a timely appeal to the proper circuit court from a final assessment by strictly complying with the appeal procedure of § 40-2-22 of the Code. The circuit court could then ascertain whether in fact the notice, as required by the first sentence of §40-23-17, supra, was properly given and, if not, void the assessment and remand the matter to the department for further proceedings in strict compliance with the statute. The circuit court is expressly granted the right on appeal to decide questions as to the legality of an assessment. § 40-2-22, Code of Alabama (1975).
Here, the taxpayers admit that they received copies of the final assessment on or about May 18, 1981, which were dated May *Page 986 
13, 1981. They were required to take an appeal to the proper circuit court "by filing notice of appeal with the secretary of the department of revenue and with the clerk or register of the circuit court of the county to which the appeal shall be taken within 30 days from the date of said final assessment." §40-2-22, supra. The taxpayers timely filed their appeal with the clerk of the Circuit Court of Etowah County, but it was not filed with the secretary of the Department within the thirty-day period as is required by the statute in order to perfect an appeal. The Circuit Court of Etowah County correctly dismissed the taxpayers' appeal since it was not timely filed with the secretary of the Department. Dowda v. State, 274 Ala. 124, 145 So.2d 830 (1962).
In this case the taxpayers had a reasonable opportunity to raise the issue of lack of notice of the administrative hearing by a proper appeal. They received proper notice of the final assessment in due time but failed to duly perfect their appeal. Here, the taxpayers actually received the final assessment notice within the same time frame and in the same manner as any other taxpayer could normally expect to be so notified. Had their appeal been timely, their contention regarding lack of notice as to the administrative hearing could have been properly raised and decided on appeal. An appeal was their remedy but it was not taken in compliance with the statute and was properly dismissed.
Here, a declaratory judgment action cannot be utilized as a substitute for an appeal. Sparks v. Brock Blevins, Inc.,274 Ala. 147, 145 So.2d 844 (1962). In Radue v. Bradshaw, 289 Ala. 481, 268 So.2d 760 (1972), the supreme court considered whether a civil action for declaratory judgment could be maintained even though no appeal was made from the final assessment. There, the trial court had dismissed the taxpayer's action and it was held as follows on appeal:
 We come now to appellant's third contention, that his declaratory judgment action was maintainable even though he took no appeal from the final assessment made by the State. The appellant contends that the appeal procedures outlined in Title 51, § 140 [now § 40-2-22] need not be followed where the attack is on the constitutionality of the taxing system. We disagree.
 In Sparks v. Brock Blevins, Inc., 274 Ala. 147, 145 So.2d 844 (1962), this Court held that a final assessment of the Department of Revenue, unappealed from, is as conclusive as a judgment of a circuit court of Alabama, and is not subject to collateral attack by an action for a declaratory judgment. See also, State v. Woodroof, 253 Ala. 620, 46 So.2d 553
(1950); Hamm v. Harrigan, 278 Ala. 372, 178 So.2d 529
(1965). In view of Sparks, supra, the appellant's failure, in the instant case, to appeal the final assessment within thirty days to the Circuit Court of Jefferson County had the effect of foreclosing any attack on the assessment by way of a declaratory judgment action. Thus, the lower court did not err in dismissing the appellant's bill of complaint seeking to have the assessment declared void, and the appellant's third contention must fail.
The taxpayers' declaratory judgment will not now lie and cannot substitute for an appeal. The Circuit Court of Montgomery County properly granted the State's motion to dismiss.
We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama (1975), and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur. *Page 987