BRADLEY, Judge.
On July 27, 1983 the Alabama legislature, during its regular session, passed Act No. 83-575, which provided for and created the Macon County Racing Commission to regulate, license, and supervise greyhound racing in Macon County.
A referendum on the above act was held and passed in Macon County on August 23, 1983.
As mandated by section one of Act 83-575, three residents of Macon County were appointed racing commissioners on September 6, 1983.
The Commission then solicited applications for the initial license to build and operate a racing facility. The deadline for filing applications as mandated by Act 83-575 was 5:00 p.m. on October 6, 1983.
Applications were received, and on October 14, 1983 the Commission awarded a license to Macon County Greyhound Park, Inc.
Alabama Leisure Enterprises, Inc., one of the unsuccessful applicants, filed a petition for writ of certiorari and a petition for *197 a declaratory judgment in the Macon County Circuit Court against the Macon County Racing Commission and its individual members and Macon County Greyhound Park, Inc., the successful applicant. This action was consolidated with a petition for mandamus filed by the Macon County Development Corporation, another unsuccessful applicant.
The Commission and its members filed a motion to dismiss, which was denied, and an answer. Greyhound Park filed an answer and a counterclaim. Trial was held on December 15, 1983 and a judgment was rendered in favor of the defendants on all issues. Alabama Leisure appeals.
After the appeal was perfected Greyhound Park moved that the appeal to this court be dismissed. The principal grounds for dismissal are that the jurisdiction of the trial court was never properly invoked because no writ was ever issued to the Commission and no return was made by the Commission, and that a declaratory judgment petition in this case was improper.
Considering that aspect of the motion relating to declaratory relief, we note that under the Alabama Declaratory Judgment Act, sections 6-6-220 through 6-6-232, Code 1975, such relief can be afforded only where “justiciable controversy” exists.
It is argued that Alabama Leisure did not seek the resolution of a “justiciable controversy,” but, instead, sought to overturn the Commission’s award of a license to Greyhound Park. Hence, the trial court erred in hearing and deciding the petition for declaratory relief.
The facts in the present case are very much like those in the case of Mitchell v. Hammond, 252 Ala. 81, 39 So.2d 582 (1949), and we, therefore, consider the decision in the Mitchell case to be dispositive of this case. In Mitchell, supra, the court held that it is true that controversies to which the legalities of action of public officials or agencies challenged by parties whose interests are adversely affected is a favored field for declaratory judgments; however, to use the procedure as in the nature of appellant review of such an official action is improper. The question in Mitchell, just as the one in the case sub judice, had already been adjudicated by the head of the department having jurisdiction of the subject matter and the parties.
The Mitchell court further noted that declaratory judgment is proper in an effort to have an official act interpreted, not to have the act rescinded or reversed. In the present case Alabama Leisure argues that the Commission should not have granted the license to the Macon County Greyhound Park. The Commission reviewed the granting of the license and found that it had been properly granted. Therefore, Alabama Leisure is merely seeking a reversal of the Commission’s decision, which is not a proper question for declaratory relief. Mitchell, supra.
Since the declaratory judgment proceeding was not the proper way to obtain relief in the present case, we must determine whether Alabama Leisure had properly presented its questions for review by way of the writ of certiorari. Therefore, in the case sub judice, the trial court was limited in its review to the record from the Commission, and the taking of testimony was improper. Accordingly, this court may review only that which was properly before the trial court: the Commission’s record.
We would also observe that in a certiorari proceeding the trial is not de novo but on the record, and the only matter to be determined is the quashing or affirmation of the proceedings brought up for review. Jefferson County v. Berkshire Development Corp., 277 Ala. 170, 168 So.2d 13 (1964).
Greyhound Park argues that the trial court was without jurisdiction to entertain and decide the certiorari proceeding because no formal writ was issued by the court to the Commission directing the Commission to send up the record made by the Commission and no return was made to the court by the Commission. Greyhound Park relies on the case of Hooper v. Town of *198 Albertville, 16 Ala.App. 482, 79 So. 156 (Ala.Ct.App.1918), wherein the court said:
“So far as this record shows, no writ of certiorari was ever issued, and if such writ was issued, and return thereto made, the return is not transcribed in the record, or is so transcribed that it is impossible to distinguish the return from the exhibits to the petition — tell where one ends and the other begins. The issuance of the writ of certiorari and the return thereto is essential to the jurisdiction of the court to review the proceedings assailed in the petition. The practice in such cases is clearly stated in St. John v. Richter, 167 Ala. 656, 52 South. 465, and Independent Pub. Co. v. Amer. Press Ass’n, 102 Ala. 475, 15 South. 947. With the record in the condition above indicated, the case is not so presented as that the judgment and proceedings of the trial court can be reviewed, and a judgment will be entered here dismissing the appeal.
“Appeal dismissed.”
We do not consider Hooper applicable to the present case.
Section 6-6-640, Code 1975, provides in part as follows:
“(a) All applications for mandamus, prohibition, certiorari ... shall be commenced by a petition, verified by affidavit, in which the facts shall be stated as briefly and succinctly as the case will admit of, and any defendant may answer as to all such matters as may be necessary to his defense; any of the pleadings in such proceedings may be amended as often as occasion may require to attain the ends of justice and by striking out parties and adding new parties; and upon the issues thus presented, the court shall award the relief, if any, to which the petitioner is entitled.”
Alabama Leisure filed a petition for the writ of certiorari, which was ultimately verified, setting out its complaint against the Commission for issuing a license to Greyhound Park. An answer was filed by both the Commission and Greyhound Park and as part of the answers copies of most of the record made by the Commission were filed with the trial court.
Although no formal writ of certiora-ri was issued by the trial court and no formal return thereto was made by the Commission, nevertheless, there was a petition filed setting out the relief sought and there were answers filed which included the pertinent parts of the record made by the Commission. We conclude, therefore, that the essentials of the certiorari proceeding required by section 6-6-640 were met and that the trial court thereby had the authority to proceed to a decision on whether to grant or deny the relief sought by Alabama Leisure.
The trial court held for the defendants on all issues, in effect quashing the writ. We hold that the trial court properly considered the petition for certiorari, and overrule the motion to dismiss.
We come now to the merits of the appeal and we believe the dispositive issue presented by Alabama Leisure is whether the Commission acted arbitrarily and capriciously in granting the license to Greyhound Park.
In the case of Little Caesar’s, Inc. v. Alabama Alcoholic Beverage Control Board, 386 So.2d 224 (Ala.Civ.App.1979), rev’d on other grounds, 386 So.2d 228 (Ala.1980), we said that:
“[JJudicial review of administrative acts and decisions is limited in scope, and ordinarily the courts will only pass on the questions of whether the administrative agency has acted within its constitutional or statutory powers, whether its order or determination is supported by substantial evidence, and whether its action is reasonable and not arbitrary....
“A court may not set aside an order of a fact-finding administrative body, acting within the field of its designated powers, unless such order is illegal, capricious, or unsupported by evidence....

“[Wjhen proceedings of an inferior tribunal are reviewed on common-law writ of certiorari, the order of the inferior tribu *199 nal should be sustained if there is any substantial or legal evidence to support the order.”
The evidence gleaned from the record made by the Commission shows that applicants for a license were solicited by the Commission, and applications were ultimately filed with the Commission. Public meetings were held at which the application process was explained to those present and questions were answered by the Commission or its staff.
A public meeting was held on October 7, 1983 at which time the application for license were opened. On October 12, 1983 the applicants were given an opportunity to appear before the Commission and make oral presentations of their proposals and to present questions to the Commission. All applicants appeared and aired the benefits of their proposals. On October 14, 1983 the Commission met in public and awarded a license to Greyhound Park.
Act 83-575 requires that an application for a license show that the stockholders and the officers of a corporation have been residents of Alabama for five years; that the application contain the names and addresses of those stockholders plus their present business or occupation, the place where the racing meets are to be held; and that the application be accompanied by a set of plans for the facility, and proof of sufficient capitalization to construct and operate the facility. The applicant was also required to state the kind of racing to be conducted and the racing dates.
The evidence shows that Greyhound Park furnished the information required by Act 83-575 to the Commission and that the requirements of that Act were met by Greyhound Park. Consequently, we find that there was substantial evidence before the Commission to support its award of a license to Greyhound Park; that the Commission acted within its statutory powers in its award of a license; and that the Commission’s decision was not arbitrary or capricious. The trial court, in effect, found all of this to be true, and we will not substitute our judgment for that of the trial court. Hughes v. Jefferson County Board of Education, 370 So.2d 1034 (Ala.Civ.App.1979). Accordingly, we affirm its judgment.
AFFIRMED.
WRIGHT, P.J., and EDWARD N. SCRUGGS, Retired Circuit Judge, concur.
HOLMES, J., recuses himself.