876 So.2d 1103 (2003)
Floyd WASHINGTON,
v.
BILL HEARD CHEVROLET, INC., and Chevy Chase Bank, FSB.
1020285.
Supreme Court of Alabama.
September 12, 2003.
J. Zach Higgs, Jr., and Robert D. Lee of Higgs & Emerson, Huntsville, for appellant.
D. Edward Starnes III and Jeffrey T. Kelly of Lanier Ford Shaver & Payne, P.C., Huntsville, for appellee Bill Heard Chevrolet, Inc.
Charles R. Johanson III and Jonathan E. Raulston of Engel, Hairston & Johanson, P.C., Birmingham, for appellees.
JOHNSTONE, Justice.
The plaintiff Floyd Washington appeals the orders of the trial court compelling him to arbitrate his claims of fraud against defendant Bill Heard Chevrolet, Inc., and dismissing his claim for declaratory relief against defendant Chevy Chase Bank, FSB. We affirm the order for arbitration and reverse the order of dismissal. Because the order for arbitration is supported by well-established law, this opinion will not address the arbitration issue, see Rule 53(a)(1) and (a)(2)(E) and (F), Ala. R.App. P., but will address only the dismissal issue.
The complaint initially alleged a breach of contract claim against Chevy Chase Bank. However, in an amended complaint, the plaintiff replaced the breach of contract claim with a declaratory relief claim. The allegations pertinent to the declaratory relief claim are:
"1. The Plaintiff, Floyd Washington, is an individual who resides at 313 Ponroy Street, Scottsboro, Alabama 35768.
"2. The Defendant, Bill Heard Chevrolet, Inc., is a business, located in Huntsville, Alabama, more specifically at 4930 University Drive, Huntsville, Alabama 35816.
"3. The Defendant, Chevy Chase Bank, FSB, is a financial institution, at *1104 7926 Jones Branch Drive, McLean, Virginia 22102.
"4. On or about February 20, 2001, the Plaintiff, Floyd Washington, was negotiating with the Defendant, Bill Heard Chevrolet, Inc., by and through its agent, servant, employee, Stanley Ridley, to purchase a new (2001) Chevrolet Malibu sedan, VIN1G1NE52J316178342. Negotiations were had, as far as the purchase price of the vehicle, and eventually, the Plaintiff went to the financing department of said business, to work out the final financial details.
"5. On or about February 20, 2001, the Plaintiff executed a retail installment contract with balloon payment options. The terms of the agreement were that he would be paying an annual percentage rate of 9.59%, with finance charges of $7,111.26. The payments were in the amount of $379.00 for 59 months, with the last balloon payment being $6,616.00, which was due on February 22, 2006. The Plaintiff signed the installment contract.
"6. Subsequent to the execution of that contract, the Plaintiff, Floyd Washington, was contacted by the Defendant company, to advise that he would have to sign a new installment sales contract, which involved a simple finance charge. The terms of this contract were that he would pay 13.05%, with finance charges of $9,521.75, with 59 payments of $380.00 per month, and a final payment of $7,480.00. The Plaintiff executed this agreement, entered in on or about February 22, 2001.
"7. On or about May 24, 2001, the Plaintiff received, in the mail, another retail installment sales contract, with a simple finance charge, that provided for 13.05% interest, with $7,184.26 in finance charges, with 47 payments at $380.00 per month, with the final payment on May 22, 2005, of $8,024.50. This contract was forged by someone. The plaintiff, Floyd Washington, did not execute this agreement.

"....
"11....[F]inancing has always been with the same company, Chevy Chase Bank, FSB, for the first contract, the second contract, and the third contract....
"12. The representations made by the Defendant, Bill Heard Chevrolet, Inc., by and through its agent, servant, and employee were false. Defendant, by and through its agent, servant, and employee knew that they were false; or Defendant, without knowledge of the true facts, recklessly misrepresented them; or, were made by mistake, but with the intention that Plaintiff should rely upon them.
"13. Plaintiff believed the representations, and with reliance upon them, executed the second retail financing contract, to his detriment.
"....
"17. Plaintiff has made the payments to the financing bank, Chevy Chase Bank, FSB, in accordance with the third contract, to his detriment, to protect his credit.

"....
"19. Plaintiff seeks a determination of the rights and status of the Plaintiff and Defendant[], ... Chevy Chase Bank, FSB, pursuant to Ala.Code § 6-6-220, et seq. (1975) [(Article 5, Declaratory Judgments)].
"20. Plaintiff did not sign the aforesaid contract, which is dated May 23, 2001, and which Plaintiff received in the mail, but has continued to make the payments in order to protect his credit rating.

*1105 "21. Because some other person signed Plaintiff's name to the aforesaid contract, Plaintiff contends that it is void and unenforceable.

"WHEREFORE, Plaintiff prays the Court that upon a final hearing the Court will render a declaratory judgment adjudging the rights and status of the parties. Plaintiff further prays for such other relief as the Court may deem just, including attorney's fees and costs if allowed under the laws of this State." (Emphasis added.)
Pursuant to a Rule 12(b)(6), Ala. R. Civ. P., motion by Chevy Chase Bank, the trial court dismissed this claim by the plaintiff for a judgment declaring the "forged" third retail installment sale contract void and unenforceable. Before us on this appeal, Chevy Chase Bank argues that the plaintiff's claim for a declaratory judgment fails to state a justiciable controversy with Chevy Chase Bank.
"A motion to dismiss for failure to state a claim pursuant to A.R.Civ.P. 12(b)(6) is properly granted when it appears beyond a reasonable doubt that the plaintiff can prove no set of facts to support [his] claim for relief. Hill v. Kraft, 496 So.2d 768 (Ala.1986). In other words, `[d]ismissal is proper ... only when it is clearly demonstrated that plaintiff has no claim upon which relief can be granted under any set of provable facts according to a cognizable theory of law.' Weeks v. East Alabama Water, Sewer & Fire Protection District, 401 So.2d 26 (Ala.1981). Consequently, we look only to the face of [the plaintiff's] complaint, view the allegations contained therein in a light most favorable to [him], and resolve any doubts in [his] favor. Sims v. Lewis, 374 So.2d 298 (Ala.1979)."
Klein v. State Bd. of Educ., 547 So.2d 549, 551 (Ala.Civ.App.1988). "[T]his Court does not consider whether the plaintiff will ultimately prevail, only whether he has stated a claim under which he may possibly prevail." Fontenot v. Bramlett, 470 So.2d 669, 671 (Ala.1985) (citation omitted). "[T]here must be a bona fide existing controversy of a justiciable character to confer upon the court jurisdiction to grant declaratory relief under declaratory judgment statutes." Shadix v. City of Birmingham, 251 Ala. 610, 611, 38 So.2d 851, 852 (1949) (citations omitted).
According to the allegations of the complaint, the balloon payment of the third retail installment sale contract exceeds the balloon payment of the second; and, for aught that appears in the complaint, the third retail installment sale contract does not relieve the plaintiff from the obligations of the second. For aught that appears, the plaintiff will be bound to pay both retail installment sale contracts unless the trial court declares the third void as a forgery, as the complaint alleges it is, or unless the trial court otherwise addresses the apparent existence of the two putative contracts. Therefore, within the allegations of the complaint, the plaintiff may prove that he will suffer real harm in the absence of a declaratory judgment. Thus, the complaint does state a justiciable controversy, and the trial court committed reversible error in entering the Rule 12(b)(6) dismissal.
While we affirm the order granting the motion of Bill Heard Chevrolet to compel the plaintiff to arbitrate his claims against that company, we reverse the order dismissing the claim for declaratory relief against Chevy Chase Bank. We remand the case to the trial court for proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
*1106 HOUSTON, LYONS, HARWOOD, and STUART, JJ., concur.
SEE, BROWN, and WOODALL, JJ., concur in part and dissent in part.
WOODALL, Justice (concurring in part and dissenting in part).
I concur with the majority opinion insofar as it affirms the order granting the motion of Bill Heard Chevrolet to compel the plaintiff, Floyd Washington, to arbitrate his claims against that company. However, I dissent insofar as the majority opinion reverses the order dismissing the claim for declaratory relief against Chevy Chase Bank.
SEE and BROWN, JJ., concur.