## MICHAEL NICHOLSON ET AL. *v.* THE CONNECTICUT HALF-WAY HOUSE, INC.

KING, C. J., ALCORN, SHANNON, HOUSE and THIM, Js.

Argued February 2—decided March 16, 1966

*Joseph P. Cooney,* with whom were *John A. Berman* and *John E. Silliman,* for the appellant (defendant).

*Henry D. Marcus,* for the appellees (plaintiffs).

THIM, J. The plaintiffs are property owners and residents of Irving Street in Hartford. The defendant is the owner of a residential dwelling at 10-12 Irving Street. Shortly after taking title to this property, the defendant announced plans to maintain it as a residence for persons paroled from the Connecticut State Prison, under a program having as a primary objective the assistance of such persons in making a favorable and responsible adjustment to society. In this action the plaintiffs sought to enjoin the proposed use of the defendant's property on the ground of nuisance, alleging that the peaceful use and enjoyment of the surrounding properties were threatened. The court concluded that the anticipated use of the property constituted a nuisance in fact and granted a permanent injunction, from which the defendant has appealed.

The finding discloses the following facts: Irving Street, as it pertains to this case, runs between Albany Avenue and Homestead Avenue in a middle-class neighborhood of Hartford. With the exception of the two lots abutting Albany Avenue, it is devoted exclusively to residential uses. There are twenty-nine residences on the block in question, most of which are three-story dwellings housing a separate family on each floor. They are on lots with frontages averaging fifty to sixty feet. The numerous children who live on the block play in front of their houses, on the sidewalk, or in the street. Albany Avenue, which provides the closest bus line to the defendant's property, is almost completely commercial on the street level. Homestead Avenue is primarily residential but is also the site of the Veeder Root factory, which is situated opposite the end of Irving Street.

The defendant's property is a three-family house located on the east side of Irving Street and three lots from Homestead Avenue. It was purchased with the intent of providing a temporary residence for selected parolees from the state prison. The residence is referred to as "Half-Way House." The defendant plans to house up to fifteen men at one time, excluding, under its present policy, sex offenders, drug addicts, and alcoholics. As a prerequisite to parole, these men will have either secured or been promised outside employment. The primary purpose of the defendant's undertaking is to provide these men with a home and an extensive counseling program under the guidance of a resident director trained in the field of rehabilitation. The proposed use does not violate any zoning restrictions, and the sole question is whether it constitutes an equitably abatable nuisance.

A principal claim of the defendant is that the subordinate facts, as found by the trial court, provide an insufficient basis for the granting of an injunction. Stated alternatively, the defendant's claim is that the facts do not bring the present situation within the definition of nuisance as recognized by this court.

The issue of the reasonableness of the use of one's property, in relation to the rights of abutting and neighboring property owners, has been before us on other occasions. If the elements of a nuisance are clearly demonstrated, and if irreparable harm cannot otherwise be prevented, the court may enjoin the use objected to. See *Brainard* v. *West Hartford,* 140 Conn. 631, 636, 103 A.2d 135; 66 C.J.S., Nuisances, § 114. One basic element of nuisance, as that term is used to describe an abatable use of private property, is that the use of the land be unreasonable. "We concede that the law will not interfere with a use that is reasonable." *Hurlbut* v. *McKone,* 55 Conn. 31, 42, 10 A. 164. "It is the duty of every person to make a reasonable use of his own property so as to occasion no unnecessary damage or annoyance to his neighbor." *Nailor* v. *C. W. Blakeslee & Sons, Inc.,* 117 Conn. 241, 245, 167 A. 548. A fair test of whether a proposed use constitutes a nuisance is "the reasonableness of the use of the property in the particular locality under the circumstances of the case." *Wetstone* v. *Cantor,* 144 Conn. 77, 80, 127 A.2d 70. To meet this test in the instant case, the evidence must show that the defendant's proposed use of the property under the circumstances is unreasonable.

Here the proposed use of the defendant's property, in and of itself, is lawful. The only factual grounds offered to support the relief granted are

the fears of the plaintiffs that the residents of the defendant's halfway house will commit criminal acts in the neighborhood and the finding that the proposed use has had a depreciative effect on land values in this area. The first of these grounds goes to the core of the plaintiffs' complaint. The real objection of the plaintiffs is to the presence in the neighborhood of persons with a demonstrated capacity for criminal activity. They fear future manifestations of such activity in their neighborhood. This present fear of what may happen in the future, although genuinely felt, rests completely on supposition. The anticipation by the plaintiffs of the possible consequences of the defendant's proposed use of the property can be characterized as a speculative and intangible fear. They have neither alleged nor offered evidence to prove any specific acts or pattern of behavior which would cause them harm so as to warrant the drastic injunctive relief granted by the court.

It is clear that the power of equity to grant injunctive relief may be exercised only under demanding circumstances. *Leo Foundation* v. *Cabelus,* 151 Conn. 655, 657, 201 A.2d 654. "No court of equity should ever grant an injunction merely because of the fears or apprehensions of the party applying for it. Those fears or apprehensions may exist without any substantial reason. Indeed they may be absolutely groundless. Restraining the action of an individual or a corporation by injunction is an extraordinary power, always to be exercised with caution, never without the most satisfactory reasons." *Goodwin* v. *New York, N.H. & H.R. Co.,* 43 Conn. 494, 500; *Ginsberg* v. *Mascia,* 149 Conn. 502, 505, 182 A.2d 4. The fears and apprehensions of the plaintiffs in the present case, based

as they are on speculation, cannot justify the granting of injunctive relief. See 66 C.J.S., Nuisances, § 113, and cases cited.

The plaintiffs' claim of depreciated property values is likewise ineffective as a basis for supporting the issuance of an injunction. The mere depreciation of land values, caused in this case by the subjective apprehensions of neighboring property owners and their potential buyers, cannot sustain an injunction sought on the ground of nuisance. See *Cawley* v. *Housing Authority*, 146 Conn. 543, 546, 152 A.2d 923; 39 Am. Jur., Nuisance, §§ 28, 157.

The plaintiffs have cited *Brainard* v. *West Hartford*, 140 Conn. 631, 103 A.2d 135, for the proposition that an unreasonable use of property which is merely anticipatory may be enjoined. In that case, however, the proposed use, a town dump in a residential area, was a known quantity whose attributes as a nuisance could be readily adjudged prior to the undertaking.[1] A similar factual showing has not been produced in the present case. The plaintiffs have also cited *Jack* v. *Torrant*, 136 Conn. 414, 71 A.2d 705, in support of their overall position. That case involved the operation of an embalming and undertaking establishment in a residential district and is clearly distinguishable on its facts from the present situation.

Our conclusion is not intended to serve as a comment on the future operations of the defendant. We only hold that, under the present circumstances, there has been an insufficient factual showing that

---

[1] The trial court in *Brainard* v. *West Hartford*, 140 Conn. 631, 103 A.2d 135, found that "[t]he establishment of a dump on the land purchased by the defendant would greatly depreciate the value of the plaintiffs' land, creating a noxious smoke, litter, offensive and unhealthy odors, rats, vermin, insects and fire danger." A-316 Rec. & Briefs, back of p. 7.

the defendant will make any unreasonable use of its property or that the prospective residents of its halfway house will engage in unlawful activities in the surrounding neighborhood. For the reasons already discussed, the granting of the injunction by the trial court was not justified at this time. Our holding on this issue makes a review of the remaining assignments of error unnecessary.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant.

In this opinion the other judges concurred.