[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The defendant in this appeal, the Lebanon Inland Wetlands Commission (hereinafter also called the "Commission"), has filed a motion to dismiss the plaintiffs' appeal on the grounds (1) an appeal involving the same parties and the same issue is pending; (2) for lack of subject matter jurisdiction; (3) the plaintiffs lack standing; and (4) the plaintiffs' sole remedy, if one exists, is to appeal the decision of the defendant Inland Wetlands Commission. The defendant Kelley Property Development, Inc. has filed a motion to dismiss on the same grounds.
The essential facts that give rise to this appeal are undisputed.
On July 2, 1990, the commission considered Kelley Property Development, Inc.'s application for extension of a wetland permit which had originally been granted August 7, 1989. The commission voted 3 to 2 to deny the application for extension. The plaintiffs were the three member majority that voted to deny the extension. According to the commission minutes, the application was denied on the grounds that: "1. Many lots are now within regulated areas under present regulations. 2. New information is now available to the Commission which should be considered in the decision making process."
On August 6, 1990, a motion was made by a CT Page 1635 commission member who was not in the majority in the July 2, 1990 denial of extension to reconsider the action taken on July 2, 1990. According to Roberts Rules of Order, the motion was out of order since a motion by a member from the majority on July 2, 1990 was required for a proper motion to reconsider. The chairman of the commission, James McCaw, stated that Roberts Rules of Order apply to commission meetings and ruled that the motion to reconsider was out of order. The commission then considered a written opinion by the Lebanon town attorney to the effect that the July 2, 1990 action was improper because the reasons given were not valid. The commission then considered the application for extension as a "new" application and voted 4 to 3 to grant an extension of the August 7, 1989 wetland permit. The plaintiffs voted against the motion to grant the extension.
On September 17, 1990, the commission considered a motion to rescind its July 2, 1990 action denying the application for extension of permit. Plaintiff Munhall challenged the motion on procedural grounds and made a motion to overrule the motion to rescind. The plaintiffs also challenged the motion to rescind on the grounds that environmental reports relating to the effect of proposed development on Savin Lake (the body of water on which the proposed development abuts) should be considered by the commission before it voted on the motion to rescind. Despite plaintiffs' objections, the motion to rescind was again brought to the floor and was passed by a vote of 4 to 3. The plaintiffs voted against the motion.
This declaratory judgment action has been brought by three members of the commission who believe that, because the commission had not rescinded its July 2, 1990 decision denying the extension request before it "granted" the "new" extension request, the second action was an invalid contradiction of a duly adopted, unappealed-from action of the commission. In their complaint, plaintiffs have alleged as further grounds for invalidating the August 6 decision, that the granting of an extension on August 6, 1990 was arbitrary, capricious and illegal because the procedure followed violated the Lebanon Inland Wetlands and Watercourses Regulations as to time for filing; the commission did not consider the new information prepared by the Environmental Review Team; and the commission violated its own rules of order by not having a two-thirds majority vote to call a question.
The complaint alleges that the commission's action on September 17, 1990 purporting to rescind its July 2, 1990 action denying the permit extension was improper, invalid and ineffective because the commission is not statutorily enabled CT Page 1636 to rescind an action it has taken after adjournment of the meeting; the commission could not on its own motion rescind its action denying the application for extension from which the applicant had not taken an appeal; and the commission's vote was taken under circumstances where one-third of the commission was not given the legal advice by the town attorney concerning the motion to rescind that he gave to other commission members.
On August 31, 1990, the plaintiffs filed an administrative appeal with the Superior Court seeking to reverse the commission's action of August 6, 1990 granting the extension of permit, Docket No. 09 63 62. That appeal was dismissed by this Court by Memorandum of Decision dated January 29, 1991. The instant declaratory action seeks a different remedy, namely, a declaration that the July 2, 1990 action denying the extension of permit is the proper and binding decision.
 I. The Defendants' Claim that an Appeal Involving the Same Parties and the Same Issues is Pending
The defendants argue that since a direct appeal has been brought by the same plaintiffs from the actions of the defendant Inland Wetlands Commission, Docket No. 09 63 62, that therefore, the declaratory judgment action should be dismissed, citing Buchman v. Taylor, 251 Conn. 209, 211
(1963), and Redmond v. Matthies, 149 Conn. 423, 427-28 (1952).
The Court is not persuaded by that argument.
By Memorandum of Decision dated January 29, 1991, this Court dismissed the direct appeal in Docket No. 09 63 62. Therefore, there is not another action pending between the same parties in which the same issues are involved.
 II. The Defendants' Claim of Lack of Subject Matter Jurisdiction
The distinction between where a party may seek a declaratory judgment as opposed to taking a direct appeal was discussed in Hartford Electric Light Co. v. Water Resources Commission, 162 Conn. 89, 104-105 (1971), where the court stated in part as follows:
 An action for a declaratory judgment is a proper procedure in this state for determining rights in connection with the regulations of an administrative agency. CT Page 1637 Sage-Allen Co. v. Wheeler, 119 Conn. 667, 673, 179 A. 195; Colonial House, Inc. v. Connecticut State Board of Labor Relations, 23 Conn. Sup. 30, 176 A.2d 381. Nor would it have been proper to discuss the question whether the agency had acted illegally, arbitrarily or in abuse of its discretion to allow a review of the sufficiency vel non of the evidence on which the administrative board acted would be to utilize the declaratory judgment action as an appellate review and the declaratory judgment action should not be so employed. "It is fundamental that this type of proceeding (declaratory judgment action) cannot be used as a substitute for an appeal." Mitchell v. Hammond, 252 Ala. 81 83, 39 So.2d 582; see Avery Freight Lines, Inc. v. White, 245 Ala. 618, 623, 18 So.2d 394; Floresta, Inc. v. City Council, 190 Cal.App.2d 599, 12 Cal.Rptr. 182. While one may use the declaratory judgment procedure to interpret or determine the meaning of an administrative order, it cannot be used to review the question whether the administrative agency acted correctly or erroneously in rendering its order Mitchell v. Hammond, supra. (emphasis provided).
The rule in Hartford Electric Light Co. was reaffirmed in Aaron v. Conservation Commission, 178 Conn. 173,177-78 (1979), where the court stated in part as follows:
 Declaratory judgment proceedings are appropriate for determining rights in connection with the regulations of an administrative agency. Hartford Electric Light Co. v. Water Resources Commission, 162 Conn. 89, 104, 291 A.2d 721; Sage Allen Co. v. Wheeler, 119 Conn. 667, 673, 179 A. 195; Sigal v. Wise, 114 Conn. 297, 301, 158 A. 891. In Hartford Electric Light Co. v. Water Resources Commission, this court commented on the difference between questions appropriate for resolution by declaratory judgment and those more appropriately dealt with by means of administrative appeal. We there CT Page 1638 observed that declaratory judgment proceedings are appropriate for determining jurisdictional issues or questions concerning the validity of the regulations of an administrative agency, while questions concerning the correctness of an agency's decision in a particular case or of the sufficiency of the evidence can properly be resolved only by appeal Hartford Electric Light Co. v. Water Resources Commission, supra, 104-105. (emphasis added).
In support of their right to bring the instant declaratory judgment action, the plaintiffs argue that they seek to enforce the defendant Inland Wetlands Commission July 2, 1990 decision and thus their claims relate to the validity of the commission's decisions and the commission's claimed non-adherence to its own procedures.
The Court is not persuaded by that argument. Declaratory judgment proceedings are appropriate for determining jurisdictional issues or questions concerning the validity of the regulations of an administrative agency. What is at issue here does not involve a jurisdictional issue and does not involve a question concerning the validity of the regulations of the defendant commission. The declaratory judgment action has to do with the validity of the Inland Wetlands Commission's action of July 2, 1990 in denying the renewal or extension application, with the validity of the action of the Inland Wetlands Commission on August 6, 1990, in granting the extension or renewal application, with validity of the actions of the Wetlands Commission of September 17, 1990 in rescinding the July 2, 1990 denial of the wetland permit extension or renewal. None of those issues involve the regulations of the Inland Wetlands Commission itself. Further, they are not jurisdictional issues.
A declaratory judgment action cannot be used to determine rights in connection with procedures by which the administrative board acted. This declaratory judgment action is an attempt to discuss the question of whether the commission acted illegally, arbitrarily or in abuse of its discretion. A declaratory judgment action may not be used for that purpose.
The plaintiffs further argue that based on the recent decision of Cristofaro v. Burlington, 217 Conn. 103
(1991), that the declaratory judgment procedure is the proper action to bring. Cristofaro was a declaratory judgment action CT Page 1639 challenging the validity of the defendant Planning Commission Regulations that allegedly limited a land use designation specifically authorized by the Burlington Zoning Commission and the principal issue was whether a planning commission can adopt a planning regulation that establishes a minimum lot size greater than that established by a zoning commission. Cristofaro, therefore, was a proceeding to determine rights in connection with the regulations of an administrative agency and was therefore an appropriate procedure for a declaratory judgment. Cristofaro does not stand for the proposition that the present type of declaratory judgment action may be brought.
This Court therefore sustains the defendants' claim of lack of subject matter jurisdiction.
 III. The Defendants' Claim that the Plaintiffs Lack Standing
Connecticut General Statutes Section 52-29, the declaratory judgment statute, provides as follows:
 Superior court may declare rights and legal relations. (a) The superior court in any action or proceeding may declare rights and other legal relations on request for such a declaration, whether or not further relief is or could be claimed. The declaration shall have the force of a final judgment.
The plaintiffs advance a number of arguments in support of their claim that they have standing to bring this declaratory judgment action.
The basic rule involving standing to maintain an action is found in Maloney v. Pac, 183 Conn. 313 (1981). Maloney involved a declaratory judgment action to determine the constitutionality of a statute that permitted the legislature to veto administrative regulations. In discussing the issue of standing, the Maloney court at pages 320-21-22, stated in part as follows:
 The defendants challenge the trial court's holding that the plaintiff has standing to maintain this action by emphasizing that the court also found that the plaintiff had standing because of injuries which were aesthetic, conservational, or recreational. We need CT Page 1640 not now decide whether the court was correct in viewing Mystic Marinelife Aquarium, Inc. v. Gill, 175 Conn. 483, 400 A.2d 726 (1978), which relied upon statutory standing, as equally supporting common-law standing for such injuries. For this case it is sufficient to note the trial court's unchallenged finding of personal injury "from the noise and vibration of the trucks." We need only determine whether this direct personal injury to the plaintiff is sufficient to support the trial court's conclusion that she has standing to challenge the constitutionality of the statute involved.
 Standing is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of substantive rights. Rather it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented. See, e.g., Baker v. Carr, 369 U.S. 186, 204, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962); Stern v. Stern, 165 Conn. 190, 192, 332 A.2d 78 (1973). These two objectives are ordinarily held to have been met when a complainant makes a colorable claim of direct injury he has suffered or is likely to suffer, in an individual or representative capacity. Such "personal stake in the outcome of the controversy;" Shaskan v. Waltham Industries Corporation, 168 Conn. 43, 49, 357 A.2d 472 (1975); Baker v. Carr, supra, 204; provides the requisite assurance of "concrete adverseness" and diligent advocacy.
 As long as there is some direct injury for which the plaintiff seeks redress, the injury that is alleged need not be great. We have held that standing existed although the injury alleged was "extremely small." Bassett v. Desmond, 140 Conn. 426, 432, 101 A.2d 294 (1953); CT Page 1641 Beard's Appeal, 64 Conn. 526, 534, 30 A. 775 (1894). The injury need not be primarily economic. In nuisance cases, we have held it sufficient for the plaintiffs to allege annoyance, discomfort, inconvenience, loss of enjoyment, unpleasant sights and odors, and a loss of sleep due to such odors. Filisko v. Bridgeport Hydraulic Co., 176 Conn. 33, 404 A.2d 889 (1978). The fear of possible future criminal activity has been held sufficient to permit litigation of the question whether a residence for former criminals constituted a nuisance. Nicholson v. Connecticut Half-Way House, Inc., 153 Conn. 507, 218 A.2d 383 (1966). A genuine likelihood of civil incarceration would confer standing.
 Her personal injury gave her a sufficiently direct interest, under the facts of her particular case, to remove this litigation from the impermissible realm of general speculation about unproven hypothetical situations. Stern v. Stern, supra; Adams v. Rubinow, 157 Conn. 150, 152-53, 251 A.2d 49 (1968); Hardware Mutual Casualty Co. v. Premo, 153 Conn. 465, 470-71, 217 A.2d 698 (1966). (emphasis provided).
The plaintiffs advance a number of arguments in support of their claim that they have standing to bring this declaratory judgment action.
They primarily make the following argument:
 Here, plaintiffs are members of the defendant commission and are entrusted with the duty of protecting the wetlands and watercourses of the State of Connecticut in the Town of Lebanon pursuant to Sections 22a-36 to 45 of the Connecticut General Statutes. Specifically, plaintiffs are charged with the duty of enforcing the statutes of the State of Connecticut and the Town of Lebanon Inland Wetlands and Watercourses Regulations pursuant to Section 22a-44 of the Connecticut General Statutes. As CT Page 1642 persons so charged, the plaintiffs have a specific personal and legal interest in seeing that the properly enacted decision of July 2, 1990 is upheld and that the improperly enacted decisions of August 6, 1990 and September 17, 1990 are reversed. See Town of Darien v. Town of Stamford, 135 Conn. 71 (1948). (Town A had sufficient interest in controversy regarding validity of regulations passed by Town B to sustain action for declaratory judgment.)
 Plaintiffs have also been specifically injured in that their ability to enforce the commission's decisions has been seriously impaired. It is plaintiffs' belief that the commission's actions on August 6, 1990 and September 17, 1990 were invalid and that the commission acted improperly by purportedly reversing its July 2, 1990 decision without sufficient basis. See generally, Bright v. Zoning Board of Appeals, 149 Conn. 698, 705
(1962) ("a zoning board of appeals should not be permitted to revoke its former action unless there has been a change in conditions or new considerations materially affecting the merits of the subject matter have intervened.") Thus, the plaintiffs have suffered a direct injury if they are forced to let stand an extension of permit which they believe to be invalid and are prevented from enforcing the Inland Wetlands and Watercourses Act forbidding development in wetlands without a permit if the landowner proceeds to develop on the basis of the August 6, 1990 extension.
The Court is not persuaded by that argument.
One of the leading cases in Connecticut having to do with standing to represent the public interest is Rommell v. Walsh, 127 Conn. 16 (1940). The Rommell court, at pages 19, 21, 22 and 23, states in part as follows:
 The other motion, asserting that the zoning board or its members had no right to appeal to this court, presents a CT Page 1643 question which we have never had occasion to determine.
 In other cases, however, there is a definite public interest to be protected. This is true, for instance, of many orders of the public utilities commission, and is particularly true with respect to zoning regulations. In appeals of this type, the public interest should be represented. In appeals in zoning cases the municipality might no doubt properly do this. However, under most, if not all, of our municipal charters, the function of protecting and advancing the public interest in establishing and maintaining a proper and adequate zoning system is entrusted to certain boards, which, in that respect, exercise a large discretion. While these boards have ordinarily no corporate existence as such but are merely agencies of the municipality, and while they have no direct interest in the litigation, it would be a logical conclusion that because of the function they perform they should represent the public interests entrusted to them in appeals taken from their decisions.
 We know of no compelling reason why an administrative board, where it represents the public interests entrusted to its care, may not, as such, be made or appear as a party defendant in an appeal taken from an order it has made or may not, where the trial court has overruled its decision, prosecute an appeal to this court. (emphasis provided).
In Tyler v. Board of Zoning Appeals, 145 Conn. 655
(1958), in discussing who has standing to attack the validity of a decision of a zoning board of appeals, the court stated in part as follows at pages 658-659:
 It is clear that the zoning commission as such has no function in the enforcement of the requirements of the zoning board of appeals and no status under Sec. 379d to appeal a decision of the board. We have recognized that there CT Page 1644 is a public interest involved in man appeals which should be represented before the court. In most such situations, the board or officer having the responsibility of making the decision is entrusted with the duty of protecting that public interest. Maltbie, Conn. App. Proc., p. 311. Accordingly, we held in Rommell v. Walsh, 127 Conn. 16, 23 15 A.2d 6, that a zoning board of appeals may be made a party defendant in an appeal taken from an order it has made and, where the trial court has overruled the board's decision, may prosecute an appeal to this court to protect the public interest involved. The decision recognizes that, apart from the provision in Sec. 379d for action by an enforcement officer to protect the public interest, there may be occasion for a board whose ruling is in question to intervene, itself, to protect the public interest.
 There is no sanction, however, in the Rommell decision, supra, for a zoning commission to take an appeal where a ruling or order of its own is not in issue. (emphasis provided).
It is clear from Rommell that it is the agency itself that has standing to bring an appeal to protect the public interest. The regulations of the defendant Lebanon Inland Wetlands Commission clearly show that it is the commission itself and its duly appointed enforcement officer (neither of the named plaintiffs are the duly appointed enforcement officer of the named defendant commission) that has the right to bring an appeal to enforce the regulations of the commission. There is no statutory authority under Section 22a-43 or under the defendant Inland Wetlands Commissions Regulations for individual members of the commission to bring a declaratory judgment action such as the present action before the Court. This Court is convinced that the plaintiffs are honestly motivated in their concern for the procedures that were followed by the defendant commission. However, declaratory judgment actions cannot be brought where the result would be that courts and parties are vexed by suits brought to vindicate nonjusticiable interests. In this case, the plaintiffs have not alleged a colorable claim of a direct injury suffered or likely to be suffered by them as a result of the actions of the named defendant commission. They are CT Page 1645 still members of the commission and still have the right to vote. Nor have they suffered any injury as a result of their claim that as members of the defendant commission charged with the duty of enforcing the state statutes and the Lebanon Inland Wetlands and Watercourse Regulations that they have suffered a direct injury if they are forced to let stand an extension of a permit which they believe to be invalid and are prevented from enforcing the Inland Wetlands and Watercourse Act forbidding development in wetlands without a permit if the landowner proceeds to develop on the basis of the August 6, 1990 extension.
Insofar as the general claim of the individual members that they are charged with protecting wetlands and watercourses, that claim is fully addressed under Section 22a-19. That section provides in part as follows:
 In any administrative. . . proceeding . . . any person. . . may intervene as a party on the filing of a verified pleading asserting that the proceeding or action for judicial review involves conduct which has, or which is reasonably likely to have, the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources of the state.
In discussing that section, the court in Red Hill Coalition, Inc. v. Town Planning and Zoning Commission,212 Conn. 727 (1989), stated in part as follows:
 Section 22a-19 (a) makes intervention a matter of right once a verified pleading is filed complying with a statute, whether or not those allegations ultimately prove to be unfounded. We have declared that the statute permits any person, on the filing of a verified pleading, to intervene in any administrative proceeding for the limited purpose of raising environmental issues. . . (One) who filed a verified pleading under section 22a-19 (a) became a party to an administrative proceeding upon doing so and had statutory standing to appeal for the limited purpose of raising environmental issues. (emphasis provided).
All individuals, including the plaintiffs, have the right under Red Hill Coalition to involve themselves in the CT Page 1646 actions of an administrative agency but only for the limited purpose of raising environmental issues. The issues that are sought to be raised by these individual plaintiffs are not environmental issues and they do not, therefore, have the right as individual members of the defendant commission to raise the issues that they seek to raise in this declaratory judgment action.
This Court therefore sustains the defendants' claim that the plaintiffs lack standing.
 IV. The Defendants' Claim that the Plaintiff's Sole Remedy, if One Exists, is to Appeal the Decision of the Defendant Inland Wetlands and Watercourse Commission
The defendants argue that where a party has a statutory right of appeal from a decision of an administrative agency, the party's sole remedy is by way of appeal, citing Carpenter v. Planning and Zoning Commission, 176 Conn. 581,598 (1979), and that a party may not, instead of appealing, bring an independent action to test the very issue which the appeal was designed to test, citing Butzgy v. Glastonbury,203 Conn. 109, 116 (1987).
This court recognizes that under a proper factual situation, a declaratory judgment action is a proper remedy. Thus, in Cristofaro v. Burlington, 217 Conn. 103 (1991), a declaratory judgment action was allowed to be brought to challenge the validity of the defendant Burlington Planning Commission Regulations that established a minimum lot size greater than that established by the Zoning Commission. In that case, however, the declaratory judgment action was one that attacked the regulation themselves.
A declaratory judgment action is not appropriate for determining the issues raised in this case.
ORDER
The Motion to Dismiss is granted.
AXELROD, J.