[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Retirement Board of the Town of Stratford seeks a temporary in junction restraining the Town of Stratford, the Financial Director of the Town, and Union Trust Company from disbursing retirement benefits from the Town Retirement Fund until the issues raised by this lawsuit are finally resolved. The Board also seeks an order of mandamus requiring the Town to pay current benefits from the Town's general fund. Because I have concluded that the plaintiff has failed to establish the imminence of a substantial and irreparable injury, I have denied the request for a temporary injunction and mandamus.
An injunction is a "summary, peculiar and extraordinary" remedy. Connecticut Association of Clinical Laboratories, et al v. Connecticut Blue Cross, Inc. et al, 31 Conn. Sup. 110, 113
(1973). The court's power to restrain the actions of individuals or corporations should "always be exercised with caution, never without the most satisfactory reasons." Nicolson v. Connecticut Half-Way House, Inc., 153 Conn. 507, 511 (1966). This rule of caution is of course applicable to suits against municipal corporations. Among the requirements for a temporary injunction is the need to prove irreparable injury and the lack of an adequate remedy at law. Stocker v. Waterbury, 154 Conn. 446,449 (1967).
The plaintiff Board has shown that the Town's method of paying retirement benefits is not actuarially sound. For more than fourteen years the Town and its active employees have CT Page 5851 contributed amounts to the Retirement Fund which have been in excess of the current benefit payments. The excess payments have accumulated in a fund for future benefits. The excess contributions have never been large enough to make the Retirement Plan actuarially sound. For the fiscal year 1991-1992, the Town has decreased its yearly contribution to the Retirement Plan. The amounts the Town and the active employees will contribute for the 1991-1992 fiscal year will be less than the current benefit payments. The additional amount needed to pay current benefits will be obtained by using the fund set aside for future benefits. Clearly, this method of financing is not actuarially sound.
At the final hearing on this matter, the plaintiff will claim that the Town's recent action is illegal and contrary to sound public policy. The new financing method will make the Retirement Plan a pay-as-you-go system. A future generation of tax payers will have the burden of paying for previous generations of town employees who have retired.
If the plaintiff prevails in this case, any loss to the Retirement Plan will be readily ascertainable. Should the court at the conclusion of the case order the Town to make additional payments to the fund, the Town at that time can adopt an appropriate budget and tax rate. In the meantime the funding arrangement recently adopted by the Town will provide for the payment of benefits to the retired employees. Under the circumstances, the plaintiff is not entitled to the temporary relief it requests. Accordingly, the application for a temporary injection is denied.
THIM, JUDGE.