[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
FACTS
The plaintiffs, Philip and Sylvia Andrews, brought this suit in a nine count complaint against the defendants Caron Brothers, Inc. and Adrien Caron. In count one the plaintiffs allege that the defendants violated various Connecticut statutes involving the dumping of toxic substances. In count two the plaintiff alleges that the defendants violated42 U.S.C.S. sec. 9607, part of the Resource Conservation and Recovery Act. In count three the plaintiffs allege that the defendants violated 42 U.S.C.S. secs. 6091 and 6093(3), part of the Resource Conservation and Recovery Act. In count four the plaintiffs allege that the defendants violated15 U.S.C.S. sec. 2601 et seq., the Toxic Substances Control Act. In count five the plaintiffs allege that the defendants violated42 U.S.C.S. sec. 300g-3, part of the Safe Drinking Water Act. In count six the plaintiffs allege that the defendants committed waste while on the property in question. In count seven, the plaintiffs allege that Adrien Caron is liable for the CT Page 2690 corporate actions of Hebron Development Corporation surrounding the sale of the property to the plaintiffs. In count eight the plaintiffs allege that the defendants created a nuisance in their dumping activities. In count nine the plaintiffs allege that the defendants failed to properly report the alleged contamination to the appropriate agencies as required by state and federal statutes. In count nine the plaintiffs further allege that if the defendants had properly reported the violations the plaintiffs would have had notice of the violations.
The plaintiffs allege that in April of 1985, they purchased a parcel of land from Hebron Development Corporation. At the time of the purchase, Adrien Caron was a stockholder and officer of Hebron Development Corporation. The plaintiffs further allege that Caron Brothers, Inc. was a tenant on said property at the time of the sale and remained a tenant until August of 1987 when Caron Brothers, Inc. vacated the premises. The plaintiffs allege that Caron Brothers, Inc., while a tenant, polluted the property through the dumping of toxic substances. The plaintiffs further allege that when the property was transferred from Hebron Development Corporation to the plaintiffs, Adrien Caron, as an officer of Hebron Development Corporation, had a duty to disclose the contamination to the plaintiffs and that by failing to do so, Caron breached the duty of disclosure owed to the plaintiffs. The plaintiffs make several claims against the defendants for the cost of cleaning up the site and for various other damages.
The defendants have moved to strike counts one, three, four, five, six, seven and nine pursuant to Practice Book sec. 152 for the various reasons set out below. Pursuant to Practice Book sec. 155 the defendants filed a memorandum of law in support of their motion to strike. The plaintiffs filed a memorandum of law in opposition to the motion to strike pursuant to Practice Book sec. 155.
DISCUSSION
The motion to strike is used to contest the legal sufficiency of the complaint to state a claim upon which relief can be granted. Practice Book sec. 152. "The motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS. Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). "The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them, and if facts provable under the allegations would support a defense or cause of action the CT Page 2691 motion to strike must fail." Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989).
I. Count One
In count one, the plaintiffs allege that the defendants are liable for the damage to their property based on violations of General Statutes secs. 22a-427, 22a-422, 22a-430,22a-450 and 22a-451, all of which are found in the Water Pollution Control Act. Each statutory section, cited above, is contained in a separate subparagraph in paragraph 11 of count one. The defendants have moved to strike each one of the subparagraphs (11b, 11c, 11d, and 11e) on the ground that the statutory section cited in each subparagraph does not provide for a private cause of action. In opposition to the defendants' motion to strike, the plaintiffs argue that a private cause of action does exist under the statutory sections alleged.
"Although a motion to strike ordinarily attacks the legal sufficiency of an entire complaint, count or counterclaim, one or more paragraphs of a complaint or count may be attacked if a separate cause of action is attempted to be stated therein." Bourquin v. Melsungen, 5 CSCR 721, (Miano, J., September 4, 1990) (citations omitted) See Donovan v. Davis, 85 Conn. 394,397, 82 A. 1025 (1912). In paragraph 11 of count one of the plaintiffs' complaint, the plaintiffs have alleged violations of separate statutes in the individual subparagraphs. The court finds that the individual subparagraphs constitute separate causes of action; thus the motion to strike each subparagraph is proper.
The court in Michael v. Kenyon Oil Company Inc.,4 CSCR 337 (Mar. 22, 1989, O'Connor, J.), had the occasion to address the question of whether General Statutes secs. 22a-427
and 22a-451 give rise to a private cause of action. The court examined the legislative history of these two sections and concluded that "there is nothing. . . which exhibits any legislative intent to benefit anyone other than the commissioner of environmental protection in the assessment of the penalties provided for in sec. 22a-451." Michael, supra, 338. The court in Michael made reference to Judge Aronson's decision in Bristol Shopping Plaza, Inc. v. Vigilante Cleaners (D.N. 34 40 98, Judicial District of Hartford-New Britain at Hartford, January 12, 1989, Aronson, J.), in which the court granted a motion to strike a count in an action, brought by a private corporation, based on violations of sec. 22a-451 on the ground that sec. 22a-451 did not provide for a private cause of action. CT Page 2692
The plaintiffs have not provided any case law that is contrary to the position taken by the court in Michael, supra, and Bristol Shopping Plaza, supra. The Court's research has revealed no case law which dealt with the other statutory sections cited in the plaintiffs' complaint. However, the statutory sections not mentioned in Michael, supra, and Bristol Shopping Plaza, supra, are part of the same act, the Water Pollution Control Act. Therefore, as in those statutory sections previously discussed, no private cause of action can be brought based upon those sections of the Water Pollution Control Act pursuant to the reasoning in Michael, supra, and Bristol Shopping Plaza, supra. The defendants' motion to strike subparagraphs 11b, 11c, 11d, and 11e is granted.
II. Counts Three, Four and Five
Count three of the plaintiffs' complaint alleges that the defendants are liable for the damages caused to the subject property because of a violation of 42 U.S.C.S. secs. 6901 and 6093(3), part of the Resource Conservation and Recovery Act. Count four of the complaint alleges liability based on the violation of 15 U.S.C.S. sec. 2601 et seq., known as the Toxic Substances Control Act. Count five of the complaint alleges liability based on the violation of 42 U.S.C.S. sec. 300g-3, known as the Safe Drinking Water Act. The defendants have moved to strike each of the counts on the ground that the federal district court has been given exclusive jurisdiction over any cause of action arising from the violation of the statutes. The plaintiffs claim that the actions are being brought as negligence per se counts and as such are not subject to the jurisdictional requirements of the statutes.
Jurisdiction, under the Resource Conservation and Recovery Act, for a private cause of action, is found in42 U.S.C.S. sec. 6971(a) which states in pertinent part:
 Any action under paragraph (a)(1) of this subsection shall be brought in the district court for the district in which the alleged violation occurred or the alleged endangerment may occur. Any action brought under paragraph (a)(2) of this subsection may be brought in the district court for the district in which the alleged violation occurred or in the District Court of the District of Columbia.
42 U.S.C.S. sec. 6971(a) (emphasis added). The Toxic Substances Control Act has a similar provision found in15 U.S.C.S. sec. 2619. The Safe Drinking Water Act's CT Page 2693 jurisdictional language is similar to the above but not identical. 42 U.S.C.S. sec. 300j-8(a) states: "The United States district courts shall have jurisdiction, without regard to the amount in controversy or the citizenship of the parties. . ." 42 U.S.C.S. sec. 300j-8(a). The plaintiffs claim that while jurisdiction lies with the federal district courts, the causes of action alleged in the plaintiffs' complaint are not statutory causes of action but rather are negligence per se counts based on the violations of the respective statutes, and therefore the counts are not subject to the jurisdiction requirements.
"If a plaintiff alleges that a statute, ordinance or regulation has been violated, thereby relying on negligence per se, and also alleges that there is a causal connection between such negligence and the injuries sustained, a cause of action has been stated." Commercial Union Ins. Co. v. Frank Perrotti Sons. Inc., 20 Conn. App. 253, 258, 566 A.2d 431
(1989). The plaintiffs have complied with the directive in Commercial Union Ins. Co., supra. In each count the plaintiffs have pled that the defendants have violated a statute and that there is a causal connection between the violation and the injury sustained. However, this is not dispositive of the issue. Although the plaintiffs have pled sufficient facts to sustain claims of negligence per se, the ultimate question is whether this court has subject matter jurisdiction over the claims or whether exclusive jurisdiction lies in the federal district court.
The plaintiffs, in their memorandum in opposition to the motion to strike, argue that this court can take judicial notice of the federal statutes and therefore has jurisdiction over the claims.
 The true concept of what is judicially known is that it is something which is already in the court's possession or, at any rate is so accessible that it is unnecessary and therefore time wasting to require evidence of it. Judicial notice, therefore, in its appropriate field, meets the objective of establishing facts to which the offer of evidence would normally be directed. The underlying theory is that proof by evidence concerning a proposition may be dispensed with where the court is justified. . . in declaring the truth of the proposition without requiring evidence from the party.
Thomas v. Commerford, 168 Conn. 64, 68, 357 A.2d 476 (1975). CT Page 2694 Judicial notice is an aid to the presentation of evidence and does not confer jurisdiction on a court. As the plaintiffs' memorandum in opposition to the motion to strike points out, the court could take judicial notice of the federal statutes, however, this would do little to further the plaintiffs' argument that this court has subject matter jurisdiction over the claims.
Plaintiffs cite no authority and research revealed no case law in which it has been established that even though the federal district court has been vested with jurisdiction over a statutory cause of action a state court has jurisdiction over a negligence per se cause of action based on a violation of that statute. In order to prove the negligence per se cause of action the plaintiffs must necessarily prove a violation of the statute. The mandates of42 U.S.C.S. sec. 6972,15 U.S.C.S. sec. 2619 and 42 U.S.C.S. sec. 300j-8, vest exclusive jurisdiction for actions involving violations of these statutes in the federal district courts. Therefore, this court strikes counts three, four and five, as they require a determination of issues which are the exclusive provence of the United States District Courts.
III. Count Six
In count six the plaintiffs allege that the defendant, Caron Brothers Inc., by dumping hazardous materials, committed waste upon the property while a tenant and therefore is liable for the damages caused. The defendants have moved to strike count six on the ground that waste is a tort and therefore subject to the statute of limitations set out in General Statutes sec. 52-584, which the defendants claim the plaintiffs failed to meet. The plaintiffs make three arguments as to why count six should not be stricken. First, the plaintiffs claim that if the defendant's actions are considered waste it should be considered a continuing course of tortious conduct and therefore the statute of limitations should be tolled until such time as the continuing course of conduct was completed. Second, the plaintiffs claim that waste in this case should be considered a breach of the contract between the parties and therefore subject to a six year statute of limitations. Third, the plaintiffs argue that General Statute sec. 52-577c allows the action to be brought within two years of the discovery of the injury complained of which, the plaintiffs claim was complied with in the case at bar.
The motion to strike is not the usual manner in which the statute of limitations is raised. Allen v. Endrukaitis,35 Conn. Sup. 286, 288, 408 A.2d 673 (Super.Ct., 1979). CT Page 2695
 Ordinarily, the Statute of Limitations must be raised by special defense. When the parties agree that the complaint contains all the pertinent facts, the issue may be raised by demurrer (motion to strike). A demurrer is also the proper device to raise the issue when the plaintiff anticipates the Statute of Limitations and endeavors to overcome its effect by appropriate allegations in the complaint. A further exception is as follows: "[W]here a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right it is a limitation of the liability itself as created, and not of the remedy alone".
Morrisette v. Archambault, 31 Conn. Sup. 302, 303,329 A.2d 622 (Super.Ct., 1974).
A review of the file in this case reveals no evidence that the parties have agreed that the complaint contains all the pertinent facts with regard to the statute of limitations. Rather, the plaintiffs and the defendants appear to disagree on how to characterize the cause of action in count six. The defendants argue that the cause of action alleged in count six is a tort and the plaintiffs argue the facts alleged in count six constitute either a tort or a contract.
The facts alleged in the plaintiffs' complaint do not evidence any attempt by the plaintiffs to overcome an anticipated defense of the statute of limitations. Count six of the complaint contains no facts upon which the court could determine whether the statute of limitations has run. Although the cause of action based upon waste was created by General Statutes sec. 52-563, the statute does not fix a time within which the right must be enforced. This exception to the rule set out above does not apply. The statute of limitations, except in limited circumstances, is not properly raised in a motion to strike. No exceptions to this general rule apply to the facts of this case. The defendants' motion to strike based on the statute of limitations is improper and denied.
V. Count Seven
The defendants move to strike count seven on two grounds. The first is that the plaintiffs have failed to allege any CT Page 2696 duty that would require the defendants to disclose information regarding the contamination of the property to the plaintiffs at the time of the conveyance. The second argument is that because the plaintiffs seek to pierce the corporate veil and hold Adrien Caron individually liable for the actions of Hebron Development Corporation, Hebron Development Corporation is an indispensable party. The plaintiffs claim that the Adrien Caron, as an officer of Hebron Development Corporation, owed a duty to disclose the contamination and that Hebron Development Corporation is not an indispensable party. The court in Wedig v. Brinster, 1 Conn. App. 123,469 A.2d 783 (1983), discussed when a person selling land has a duty to disclose information to the purchaser. The court in Wedig stated in pertinent part:
 [O]nce a vendor assumed to speak, "he must make a full and fair disclosure as to the matters about which he assumes to speak." He must then avoid a deliberate nondisclosure. To constitute fraud by nondisclosure or suppression, "there must be a failure to disclose known facts and . . . a request or occasion or a circumstance which imposes a duty to speak." This duty arises when a vendor of property conceals from the vendee a material fact affecting it. A vendor of property may not do anything to conceal from the vendee a material fact affecting it, or say or do anything to divert or forestall an intended inquiry by him, or deliberately hide defects, for, in so doing, he is not merely remaining silent, but is taking active steps to mislead.
Wedig, supra, 130-31 (citations omitted).
In count seven the plaintiffs have pled that defendant Caron was the seller of property and that they were the purchasers of said property. The plaintiffs further allege that defendant Caron knew or should have known of the contamination and failed to disclose that information to the plaintiffs. The plaintiffs have, in accordance with Wedig, pled sufficient facts to show that a duty to disclose may have existed between the defendant Adrien Caron and the plaintiffs.
Therefore, the defendants' motion to strike count seven on the ground that the plaintiffs failed to sufficiently plead a duty to disclose is denied.
The defendants argue, in the alternative, that count CT Page 2697 seven should be stricken because Hebron Development Corporation is an indispensable party. The defendants argue that before an individual officer can be found liable under the theory of piercing the corporate veil, the corporation must be first found liable to the plaintiffs, and that therefore, the corporation is an indispensable party. The plaintiffs claim that Hebron Development Corporation is not an indispensable party.
The plaintiffs have pled as follows:
 2. Hebron Development Corporation was a corporation owned by Caron Brothers, one of whom is the defendant, Adrien Caron.
 3. Said corporation, by failing to comply with the necessary requirements of annual and special meetings, obtaining corporate authority for actions taken and generally conducting said business as a partnership rather than as a corporation, subjected the owners of said corporation to personal liability.
 4. The defendant, Adrien Caron, was a shareholder, and/or officer and/or director of said corporation and exercised complete control and domination over the finances, policies and practices of said corporation in such a way that the defendant corporation was the alter ego of said defendant.
(Plaintiffs' Complaint, count seven, paras. 2-4). The plaintiffs rely on the above allegations in their argument that the corporate veil should be pierced and the defendant Adrien Caron should be held personally liable.
One theory on which the courts have pierced the corporate veil is the "instrumentality rule". See generally Season-All Industries. Inc. v. R. J. Grosso, Inc., 213 Conn. 486,569 A.2d 32 (1990). "Under the instrumentality rule, a shareholder, director, or officer of a corporate entity can be held personally liable for the corporate action that, in economic reality, are those of the individual." Season-All Industries, Inc., supra, 490. In Season-All Industries, Inc., supra, the Connecticut Supreme Court stated:
 We have consistently held that the instrumentality rule requires proof of three elements: "(1) Control, not mere majority or CT Page 2698 complete stock control, but complete domination, not only of finances but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; (2) that such control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or a dishonest or unjust act in contravention of plaintiff's legal rights; and (3) that the aforesaid control and breach of duty must proximately cause injury or unjust loss complained of".
Id. 490. The plaintiffs have pled, in paragraphs 2-4 of count seven, sufficient facts, which, if proven, would satisfy each of the elements required in Season-All Industries, supra.
The inclusion of a corporation as a defendant is not a necessary element in an action based on piercing the corporate veil. Hebron Development Corporation is not an indispensable party to this action. The defendants' motion to strike count seven on the ground that the plaintiffs failed to name an indispensable party is denied.
IV. Count Nine
Count nine of the plaintiffs' complaint alleges that the defendants were negligent because they had a duty to report the spillage and contamination pursuant to both state and federal statutes and failed to do so. Nowhere in count nine do the plaintiffs identify the statutory section on which their claim is based. The defendants have moved to strike count nine on the ground that while the defendants may have had a duty to report the spillage and contamination, that duty was not owed to the plaintiffs but rather was owed to the proper governmental agencies. The plaintiffs argue that if the defendants had properly reported the contamination, it would have been a matter of public record and they would have received the appropriate notice.
Under General Statutes sec. 22a-450, the person or persons who are responsible for the contamination must report the contamination to the state police. Section 22a-450 states in pertinent part:
 The master of any ship, boat, barge or other vessel, or the person in charge of any terminal for the loading or unloading of any CT Page 2699 oil or petroleum or chemical liquids or solid, liquid or gaseous products, or hazardous wastes, or the person in charge of any establishment, or the operator of any vehicle, trailer or other machine which by accident, negligence or otherwise causes the discharge, spillage, uncontrolled loss, seepage or filtration of oil or petroleum or chemical liquids or solid, liquid or gaseous products, or hazardous wastes, shall immediately report such facts as the commissioner by regulation may require to the state police who shall, upon receipt of such report, take such action as the commissioner may direct.
General Statutes sec. 22a-450 (emphasis added). The federal statutes have similar reporting requirements. See15 U.S.C.S. sec. 2607 and 42 U.S.C.S. sec. 300g-3(1)(A).
"Negligence is a breach of duty. The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." Petriello v. Kalman, 215 Conn. 377, 383, 576 A.2d 474 (1990). There is under both the state and federal statutes a duty to report the spills to the appropriate state and federal governmental agencies but not to the plaintiffs. The defendants owed no duty to the plaintiffs under the statutes, and therefore no breach of duty can be found. The motion to strike count nine is granted.
Subparagraphs 11b, 11c, 11d and 11e of Count One are stricken. Counts three, four, five and nine are stricken.
BY THE COURT, HONORABLE ROBERT McWEENY, JUDGE