[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE NO. 108
On July 29, 1993, the plaintiff, William Wiehl, an owner of a parcel of land located in Milford ("the subject property"), filed a three count complaint against defendants Dictaphone Corporation ("Dictaphone"), A.B. Dick Company ("A.B. Dick") and ALCO Standard Corporation ("ALCO"). The plaintiff alleges that the subject property is contaminated with hazardous waste products which were deposited onto the property by the defendants during the course of their respective tenancies.
In his revised complaint, filed on September 29, 1993, the plaintiff alleges that in 1962, A.B. Dick leased the subject property from a former owner, and subsequently sublet the property to Dictaphone. The plaintiff alleges that the sublease instrument was assigned to him by the former owner on May 27, 1983, and that he purchased the subject property on June 3, 1983. On October 1, 1991, Dictaphone sublet the subject property to the current tenant, defendant ALCO.
In the first count of the revised complaint, the plaintiff asserts a nuisance cause of action against the defendants, based on allegations that the defendants deposited hazardous waste materials onto the subject property during the course of their respective tenancies. In the second count, the plaintiff asserts a cause of action against the defendants based on their alleged violations of General Statutes 22a-427. In the third count, the plaintiff alleges that Dictaphone and ALCO breached the terms of the parties' sublease agreement dated October 1, 1984. In the prayer for relief, the plaintiff seeks injunctive relief as well as money damages from all of the defendants.
On October 15, 1993, A.B. Dick filed a motion to strike (#108) the first count, the second count, and the first paragraph of the prayer for relief of the plaintiff's revised complaint, along with a supporting memorandum of law. The plaintiff filed a memorandum of law in opposition (#110) on CT Page 329 October 22, 1993. A.B. Dick filed a reply memorandum (#116) on November 15, 1993.
The motion to strike tests the legal sufficiency of a complaint, or any one or more counts thereof, to state a claim upon which relief can be granted. Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989). A motion to strike also may be used to test the legal sufficiency of a prayer for relief. Practice Book 152(2). In analyzing a motion to strike, the court is limited to the facts alleged in the pleading; Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073 (1988); which must be construed in the light most favorable to the pleader. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 540 A.2d 1185
(1988). If the court finds that the facts alleged in the pleading support a cause of action, the motion to strike must be denied. Ferryman v. Groton, supra, 142.
In support of its motion to strike the first count of the plaintiff's revised complaint, A.B. Dick argues that this count fails to state a claim upon which relief can be granted because the plaintiff has no standing under common law to bring a nuisance action against a tenant of a former owner of the plaintiff's property. A.B. Dick contends that a nuisance claim may only be asserted against a defendant who is a neighboring, contemporaneous property owner. A.B. Dick further contends that the plaintiff has failed to allege two essential elements of a nuisance claim, namely: (1) that the plaintiff does not allege that A.B. Dick's use of the subject property was unreasonable or unlawful; and (2) that the danger allegedly created by A.B. Dick is continuous in nature. In response, the plaintiff argues that a private nuisance claim may properly be brought against a defendant who is not a neighboring land owner, and that he has alleged all of the elements necessary to state a legally sufficient private nuisance cause of action.
In Nicholson v. Connecticut Half-Way House, 153 Conn. 507,218 A.2d 383 (1966), the court held that "[i]t is the duty of every person to make a reasonable use of his own property so as to occasion no unnecessary damage or annoyance to his neighbor." (Emphasis added.) Id., 510. See also Nailor v. C. W. Blakeslee Sons, Inc., 117 Conn. 241, 245, 167 A. 548 (1933); Hoadley v. Seward Son Co., 71 Conn. 640, 646, 42 A. 997 (1899). "Historically, the `assize of nuisance' was designed to cover invasions of the plaintiff's land due to conduct wholly on the land of the defendant." Prosser Keeton, Torts, 5th Ed., Ch. CT Page 330 15, 86, p. 617. See also Philadelphia Electric Co. v. Hercules, Inc., 762 F.2d 303, 313-14 (3d Cir. 1985), cert. denied, 474 U.S. 980, 106 S.Ct. 384, 88 L.Ed.2d 337 (1985); Wilson Auto Enterprises v. Mobil Oil Corporation, 778 F. Sup. 101,106 (D.R.I. 1991); Hamlin Group, Inc. v. International Minerals Chem. Corp., 759 F. Sup. 925, 935 (D.Me. 1990); Wellesley Hills Realty Trust v. Mobil Oil Corp., 747 F. Sup. 93,98-99 (D.Mass. 1990); Amland Properties Corp. v. Alcoa,711 F. Sup. 784, 801 (D.N.J. 1989) (all holding that a private nuisance claim is actionable only when a defendant property owner creates or maintains a condition on his property which causes a substantial and unreasonable interference with the use and enjoyment of the property of another).
In opposition to A.B. Dick's motion to strike, the plaintiff argues that a private nuisance cause of action may properly be brought against a defendant who is not a neighboring land owner (i.e., a private nuisance cause of action may be asserted by a plaintiff property owner against a tenant of a former owner of the plaintiff's property). The plaintiff cites State v. Tippetts-Abbett-McCarthy-Stratton, 204 Conn. 177,527 A.2d 688 (1987), in support of his argument. In State v. Tippetts-Abbett-McCarthy-Stratton, supra, the court stated that:
 Our case law has established no bright line test to determine when a defendant's connection to a particular parcel of property suffices to make it an unreasonable or unlawful "user" of the property. While the defendant in a nuisance action frequently is the owner of the property alleged to be the source of nuisance . . . property ownership is not a prerequisite to nuisance liability. . . .
(Citations omitted.) Id., 183-84. Despite its broad language, this case does not dispense with the requirement that the nuisance which is the subject of the plaintiff's suit must be located on, or must emanate from, a neighboring parcel of land. Rather, this case stands for the proposition that a plaintiff may bring a nuisance action against a tenant in possession of a neighboring parcel of land, provided that the defendant-tenant "exercises control over the property that is the source of [the] nuisance." Id., 184. The plaintiff also cites Mangini v. Aerojet-General Corp., 281 Cal.Rptr. 827 (Cal.App. 3d Dist. CT Page 331 1991) in support of his position. Mangini is inapposite to the present case because California nuisance law is a "creature of statute," and the California nuisance statutes have been construed "to allow an owner of property to sue for damages caused by a nuisance created on the [plaintiff] owner's property." (Emphasis in original.) Id., 832.
Consequently, since the plaintiff is not asserting his private nuisance claim against a defendant who is or was in control of a neighboring parcel of land, the plaintiff's first count is legally insufficient. Accordingly, A.B. Dick's motion to strike the first count of the plaintiff's revised complaint is granted.
In support of its motion to strike the second count of the plaintiff's revised complaint, A.B. Dick argues that the plaintiff cannot assert a claim pursuant to General Statutes22a-427 because this statute does not create a private cause of action. A.B. Dick also contends that the plaintiff fails to allege that the waters of the state have been contaminated. In response, the plaintiff argues that the statute does create a private cause of action.
General Statutes 22a-427 provides that "[n]o person or municipality shall cause pollution of any of the waters of the state or maintain a discharge of any treated or untreated wastes in violation of any provisions of this chapter." As used in this statute, the words "this chapter" refers to the Water Pollution Control Act ("WPCA"), General Statutes 22a-416
through 22a-484. In Michael v. Kenyon Oil Company, Inc.,4 CSCR 337 (March 22, 1989, O'Connor, J.), the court addressed the question of whether 22a-427 and 22a-451 create a private right of action. After examining the legislative history, the court concluded that "there is nothing . . . which exhibits any legislative intent to benefit anyone other than the commissioner of environmental protection in the assessment of the penalties provided for [by the WPCA]." Id., 338. Accord., Andrews v. Caron, 7 CSCR 501, 502 (May 4, 1992, McWeeny, J.). See also Bristol Shopping Plaza, Inc. v. Vigilante Cleaners, D.N. 344098, judicial district of Hartford-New Britain at Hartford, January 12, 1989, Aronson, J.) (court granted a motion to strike an action brought by a private corporation based on a violation of22a-451 of the WPCA on the ground that the WPCA does not provide for a private cause of action). CT Page 332
It is clear that the plain language of 22a-427 does not create a private right of action. "The commissioner shall have the following powers and duties: . . . [t]o exercise general supervision of the administration and enforcement of this chapter [the WPCA, Ch. 446K]. . . ." General Statutes 22a-424(a). "The DEP commissioner has statutory authority to enforce the environmental protection laws. . . ." Diamond v. Marcinek,226 Conn. 737, 748, ___ A.2d ___ (1993). Thus, the second count of the plaintiff's revised complaint is legally insufficient, and A.B. Dick's motion to strike is accordingly granted.
A.B. Dick also seeks to strike the first paragraph of the plaintiff's prayer for relief which seeks injunctive relief. Generally, "[i]f the elements of a nuisance claim are clearly demonstrated, and if irreparable harm cannot otherwise be prevented, the court may enjoin the use objected to." Nicholson v. Connecticut Half-Way House, supra, 510; Brainard v. West Hartford, 140 Conn. 631, 636, 103 A.2d 135 (1954). Although the plaintiff has not pled a legally sufficient private nuisance cause of action, injunctive relief may be available to the plaintiff as against Dictaphone and ALCO, based on allegations that Dictaphone and ALCO are in breach of the parties' sublease agreement (as stated in the third count of the plaintiff's revised complaint). Accordingly, A.B. Dick's motion to strike the first paragraph of the plaintiff's prayer for relief is denied.
THE COURT
MAIOCCO, J. CT Page 333
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 334
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 335
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 336
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 337
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 338
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 339
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 340